# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAKER ORANGE, *on behalf of himself and all others similarly situated*,<br><br>      Plaintiff,<br><br>v.<br><br>RING LLC,<br><br>      Defendant. | Case No.: 2:19-cv-10899-MWF-RAO |
| ASHLEY LEMAY, DYLAN BLAKELEY, TODD CRAIG, AND TANIA AMADOR, *on behalf of themselves and all others similarly situated*,<br><br>      Plaintiffs,<br><br>v.<br><br>RING LLC,<br><br>      Defendant. | Case No.2:20-cv-00074 MWF-RAO |
| JOHN AND JENNIFER POLITI, *individually and on behalf of all others similarly situated*,<br><br>      Plaintiffs,<br><br>v.<br><br>RING LLC,<br><br>      Defendant. | Case No.: 2:20-cv-01034-AB-KS |

BRANDON HAGAN,
*individually and on behalf of all others similarly situated*,

Plaintiff,

v.

RING LLC,

Defendant.

Case No.: 2:20-cv-01168-SVW-JPR

## STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

WHEREAS, there are four (4) related proposed class actions pending in the U.S. District Court for the Central District of California, *Orange v. Ring LLC*, Case No. 2:19-cv-10899-MWF-RAO ("*Orange*"), filed December 26, 2019 and pending before this Court; *LeMay et al. v. Ring LLC*, Case No. 2:20-cv-00074-MWF-RAO ("*LeMay*"), filed January 3, 2020 and pending before this Court; *Politi et al. v. Ring LLC*, Case No. 2:20-cv-01034-AB-KS ("*Politi*"), filed January 21, 2020 and pending before the Honorable Andre Birotte Jr.; and *Hagan v. Ring LLC*, Case No. 2:20-cv-01168-SVW-JPR ("*Hagan*"), filed February 5, 2020 and pending before the Honorable Stephen V. Wilson (together, the "Related Actions");

WHEREAS, Plaintiffs in the Related Actions ("Plaintiffs") allege that Defendant Ring LLC ("Ring") failed to, *inter alia*, protect its customers' accounts and security cameras from unauthorized access by third parties and Ring denies such allegations;

WHEREAS, Plaintiffs agree that consolidation is appropriate under Fed. R. Civ. P. 42(a) because the Related Actions involve common questions of law or fact; specifically, the cases name the same defendant, arise from the same events, and assert overlapping claims;

WHEREAS, Plaintiffs agree that Ring's lack of objection to procedural consolidation of the Related Actions in this Court is without prejudice to Ring's rights, remedies, defenses, objections, and legal arguments, including without limitation Ring's right to challenge the Related Actions, and each of them, on the grounds that each may be pursued solely on an individual basis and in arbitration, rather than being brought in federal district court or in any venue in a class, consolidated, or representative capacity;

WHEREAS, Plaintiffs in the Related Actions agree not to argue that by entering into this stipulation or acting in conformance with its terms, Ring has waived or acted in any way inconsistent with any right, remedy, or provision in Ring's Terms of Service, including without limitation any provision stating that Plaintiffs' claims must be pursued solely in arbitration, that Plaintiffs may not proceed in a class, consolidated, or representative capacity, or that the arbitrator may not consolidate more than one person's claims and may not otherwise preside over any form of a representative or class proceeding;

WHEREAS, subject to the provisions described above, Ring does not at this time oppose procedural consolidation of the Related Actions for pre-trial purposes under Fed. R. Civ. P. 42(a), while expressly reserving all of its rights, remedies, defenses, objections, and legal arguments, including, without limitation, its right to oppose consolidation in any other forum, further consolidation in this forum, or class certification on any grounds;

WHEREAS, Counsel for Plaintiffs in the Related Actions agree that a streamlined process for the appointment of interim class counsel under Fed. R. Civ. P. 23(g)(3) or other designated counsel will be beneficial to the effective prosecution of the Related Actions;

WHEREAS, Ring takes no position on Plaintiffs' request for the appointment of interim class counsel or other designated counsel, while expressly reserving all of

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

its rights and defenses, including to enforce the Terms of Service and to oppose consolidation or any representative action in this or any other forum, and its right to oppose class certification or appointment of regular class counsel on any grounds, including adequacy of representation under Fed. R. Civ. P. 23(a) and (g);

WHEREAS, the Parties propose, subject to Court approval, that this action proceed on the following schedule:

- Any attorney who has filed an action in this litigation may file an application for appointment as interim class counsel or other designated counsel either individually or as part of a proposed leadership structure. All applications must be e-filed in the Master File No. 0:19-cv-10899-MWF-RAO, no later than 5 p.m. Pacific Time, seven (7) calendar days from the date of entry of the Court's order approving this stipulation. Each attorney's application shall not exceed five pages double-spaced addressing the factors set forth in Rule 23(g) or other relevant factors and may include a resume no longer than three pages. Counsel may file a two-page response (including any attachments) no later than 5 p.m. Pacific Time, three (3) business days from the filing deadline of the initial applications. The Court may hold a hearing on the applications or appoint interim counsel based or other designated counsel on timely written submissions only;

- Plaintiffs shall file a Consolidated Complaint no later than thirty (30) days following entry of an order appointing interim class counsel or other designated counsel;

- Ring and any related defendants named in future related actions need not file a response to the complaint in each Related Action and instead will file a responsive pleading no later than thirty (30) days following the filing of the Consolidated Complaint;

4

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

- The Parties will file a Joint Report pursuant to Fed. R. Civ. P. 26(f) no later than forty-five (45) days following the filing of the Consolidated Complaint;

- Following submission of the Joint Report pursuant to Fed. R. Civ. P. 26(f), the Court will hold an Initial Case Management Conference at a date and time when the Court has availability.

NOW THEREFORE, the Parties through their respective counsel and subject to the Court's approval hereby stipulate that:

1.     The *Orange*, *LeMay*, *Politi*, and *Hagan* actions currently pending in this District and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated for pre-trial purposes pursuant to Fed. R. Civ. P. 42(a) before the Honorable Michael J. Fitzgerald (hereafter the "Consolidated Action").

2.     All papers filed in the Consolidated Action shall be filed under Case No. 0:19-cv-10899-MWF-RAO, the number assigned to the first-filed case, and shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *IN RE: RING LLC PRIVACY LITIGATION*<br><br>This Document Relates To:<br><br>_____/<br>_____ | Master File No.: 0:19-cv-10899-MWF-RAO |

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

3.     The case file for the Consolidated Action will be maintained under Master File No.: 0:19-cv-10899-MWF-RAO. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "0:19-cv-10899-MWF-RAO (LeMay)."

4.     Any action subsequently filed, transferred or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with it for pre-trial purposes.  The parties shall file a Notice of Related Action pursuant to C.D. Cal. L.R. 83-1.3 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

    a.  place a copy of this Order in the separate file for such action;

    b.  serve on Plaintiffs' counsel in the new case a copy of this Order;

    c.  direct that this Order be served upon defendants in the new case; and

    d.  make the appropriate entry in the Master Docket.

5.     Ring does not waive its right to enforce the Terms of Service and to oppose consolidation or any representative action in this or any other forum, and to oppose class certification or the appointment of regular class counsel on any grounds, including adequacy of representation under Fed. R. Civ. P 23(a) and (g).

6.     Initial deadlines for the Consolidated Action are as follows:

    a.  Any attorney who has filed an action in this litigation may file an application for appointment as interim class counsel or other designated counsel either individually or as part of a proposed

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

leadership structure. All applications must be e-filed in the Master File No. 0:19-cv-10899-MWF-RAO, no later than 5 p.m. Pacific Time, seven (7) calendar days from the date of entry of the Court's order approving this stipulation. Each attorney's application shall not exceed five pages double-spaced addressing the factors set forth in Rule 23(g) and may include a resume no longer than three pages. Counsel may file a two-page response (including any attachments) no later than 5 p.m. Pacific Time, three (3) business days from the filing deadline of the initial applications. The Court may hold a hearing on the applications or appoint interim counsel or other designated counsel based on timely written submissions only;

b. Plaintiffs shall file a Consolidated Complaint no later than thirty (30) days following entry of an order appointing interim class counsel or other designated counsel;

c. Defendant shall file a responsive pleading no later than thirty (30) days following the filing of the Consolidated Complaint; and

d. The Parties shall file a Joint Report Pursuant to Fed. R. Civ. P. 26(f) no later than forty-five (45) days following the filing of the Consolidated Complaint.

7.    Following submission of the Parties' Joint Report pursuant to Fed. R. Civ. P. 26(f), the Court will hold an Initial Scheduling Conference at First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, at a date and time when the Court has availability.

**IT IS SO STIPULATED.**

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

Dated: February 7, 2020

/s/ Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF**
**FRANCIS J. FLYNN, JR.**
422 S. Curson Avenue
Los Angeles, California 90036
Tele: 314-662-2836
casey@lawofficeflynn.com


/s/ John A. Yanchunis
John A. Yanchunis (*pro hac vice*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jyanchunis@ForThePeople.com


*Attorneys for Plaintiff John Baker Orange*


/s/ J. Austin Moore
Norman E. Siegel (*pro hac vice*)
Barrett J. Vahle (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
siegel@stuevesiegel.com
vahle@stuevesiegel.com
moore@stuevesiegel.com


/s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
Katherine M. Aizpuru (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000

8

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

*Attorneys for Plaintiffs Ashley Lemay, Dylan Blakeley, Todd Craig, and Tania Amador*

/s/ Todd. D. Carpenter
Todd D. Carpenter (SBN 234464)
**CARLSON LYNCH LLP**
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: 619-762-1910
Facsimile: 412-231-0246
tcarpenter@carlsonlynch.com

Gary F. Lynch (*pro hac vice* to be filed)
Edward Ciolko (*pro hac vice* to be filed)
Kelly K. Iverson (*pro hac vice* to be filed)
CARLSON LYNCH LLP
1133 Penn Avenue, Floor 5
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246

*Attorneys for Plaintiffs John and Jennifer Politi*

/s/ Benjamin Galdston
Benjamin Galdston (SBN 211114)
**BERGER MONTAGUE PC**
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Telephone: (619) 489-0300
bgaldston@bm.net

Amey J. Park (*pro hac vice* to be filed)
**BERGER MONTAGUE PC**

9

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
apark@bm.net

*Attorneys for Plaintiff Brandon Hagan*

/s/ Moez Kaba
Moez M. Kaba (SBN 257456)
**HUESTON HENNIGAN LLP**
523 W. 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
mkaba@hueston.com

*Attorneys for Defendant Ring LLC*

10

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically filed the foregoing STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES with the Clerk of Court using electronic case management system, which will send notification of such filing to the counsel of record in this matter.

Date: __February 7, 2020__        By: ___/s/ Francis J. "Casey" Flynn, Jr._____

STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES