# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: RING LLC PRIVACY LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No.: 2:19-cv-10899-MWF (RAOx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Rozella A. Oliver, presiding |

Pursuant to a stipulation by and between the Parties[1] and through their respective counsel of record, IT IS HEREBY ORDERED, to the extent any discovery is allowed in this consolidated action, to provide special protection for the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, financial, personal, medical, and tax information, documents and other materials:

## A.    1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public

---

[1] As used herein, "Party" means the individual Plaintiffs and Defendant named in the First Amended Consolidated Class Action Complaint ("Amended Complaint") (Doc No. 69), and "Parties" shall collectively refer to the Plaintiffs and Defendant named in the Amended Complaint.

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Moreover, the information likely to be the subject of disclosures and discovery involves unique risks related to privacy, data security, and data management that will likely be greater than in most cases. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to seek any discovery, or constitute an admission by Defendant that any disclosures and/or discovery are permitted in this action.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve personally identifying information, data security information, trade secrets, other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information are not otherwise generally available to the public, and may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in

1     preparation for and in the conduct of trial, to address their handling at the end of the

2     litigation, and serve the ends of justice, a protective order for such information is

3     justified in this matter. It is the intent of the parties that information will not be

4     designated as confidential for tactical reasons and that nothing be so designated

5     without a good faith belief that it has been maintained in a confidential, non-public

6     manner, and there is good cause why it should not be part of the public record of this

7     case.

8     **3. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**

9          **SEAL**

10     The parties further acknowledge, as set forth in Section N.4, below, that this

11     Stipulated Protective Order does not entitle them to file confidential information

12     under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

13     and the standards that will be applied when a party seeks permission from the court

14     to file material under seal.

15     There is a strong presumption that the public has a right of access to judicial

16     proceedings and records in civil cases.  In connection with non-dispositive motions,

17     good cause must be shown to support a filing under seal, *see Kamakana v. City and*

18     *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

19     *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*,

20     187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

21     cause showing), and a specific showing of good cause or compelling reasons with

22     proper evidentiary support and legal justification, must be made with respect to

23     Protected Material that a party seeks to file under seal.  The parties' mere designation

24     of Disclosure or Discovery Material as CONFIDENTIAL does not—without the

25     submission of competent evidence by declaration, establishing that the material

26     sought to be filed under seal qualifies as confidential, privileged, or otherwise

27     protectable—constitute good cause.

28

1     Further, if a party requests sealing related to a dispositive motion or trial, then

2  compelling reasons, not only good cause, for the sealing must be shown, and the

3  relief sought shall be narrowly tailored to serve the specific interest to be protected.

4  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For

5  each item or type of information, document, or thing sought to be filed or introduced

6  under seal in connection with a dispositive motion or any trial, the party seeking

7  protection must articulate compelling reasons, supported by specific facts and legal

8  justification, for the requested sealing order. Again, competent evidence supporting

9  the application to file documents under seal must be provided by declaration.

10     Any document that is not confidential, privileged, or otherwise protectable in

11  its entirety will not be filed under seal if the confidential portions can be redacted. If

12  documents can be redacted, then a redacted version for public viewing, omitting only

13  the confidential, privileged, or otherwise protectable portions of the document shall

14  be filed. Any application that seeks to file documents under seal in their entirety

15  should include an explanation of why redaction is not feasible.

**B.    DEFINITIONS**

1.   <u>Action</u>: this pending federal lawsuit and all consolidated actions.

2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.   <u>"CONFIDENTIAL HEALTH INFORMATION"</u>: information (regardless of how it is generated, stored or maintained) that a Party (or Parties) determine might contain sensitive personal health information. CONFIDENTIAL HEALTH INFORMATION is also intended to encompass any individual health

4

information protected by state or federal law, including, but not limited to, Protected Health Information as defined below.

        a.      <u>Protected Health Information</u>: Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, genetic information, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of an individual or of a relative, employer, or household member of an individual, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

        i.      names;

        ii.      all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

        iii.      all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

        iv.      telephone numbers;

        v.      fax numbers;

        vi.      electronic mail addresses;

vii.     social security numbers;

viii.     medical record numbers;

ix.     health plan beneficiary numbers;

x.     account numbers;

xi.     certificate/license numbers;

xii.     vehicle identifiers and serial numbers, including license plate numbers;

xiii.     device identifiers and serial numbers;

xiv.     web universal resource locators ("URLs");

xv.     internet protocol ("IP") address numbers;

xvi.     biometric identifiers, including finger and voice prints;

xvii.     full face photographic images and any comparable images;

xviii.     any other unique identifying number, characteristic, or code; and

xix.     any other information that the Producing Party knows could be used alone or in combination with other information to identify the individual who is the subject of the information.

5.     <u>Counsel (without any qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

6.     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION."

7.     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

9. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>: "CONFIDENTIAL Information or Items" that constitutes confidential or proprietary technical, scientific, financial, or business information of the Producing Party (or a third party), the disclosure of which to another Party or Non-Party would create substantial risk of serious harm that could not be avoided by less restrictive means, including, but not limited to, highly sensitive and competitive technical information related to a Party's, or a Party's parent's, subsidiary's or affiliate's, information security and management.

10. <u>In-House Counsel</u>: attorneys who are employees of a party or an affiliate of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

11. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

12. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

13. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

14. <u>PII</u>: Personally Identifiable Information, which, for purposes of this Order, includes, but is not limited to payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign

7

government equivalent of any of these numbers or identifiers, or other personal financial information pertaining to an individual that is not directly relevant to the claims or defenses in this lawsuit. PII shall also include the name of any Ring customer and/or user other than the named Plaintiffs in this consolidated action. PII qualifies for protection as Confidential Information within the meaning of this Order, at a minimum.

15. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

16. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION."

18. <u>Receiving Party</u>: a Party that receives, either directly, indirectly, or through counsel, Disclosure or Discovery Material from a Producing Party.

**C.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all hard and electronic copies, excerpts, derivations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Notwithstanding the foregoing, any information that meets the definition of "CONFIDENTIAL HEALTH INFORMATION" or "PII" shall under no circumstances lose the protection afforded to it under this Order on the basis that the information is in the public domain.

Any use of Protected Material at trial shall be governed by the orders of the trial judge, or as otherwise agreed to by the Parties. This Order does not govern the use of Protected Material at any trial.

**D.    DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at any trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of any trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**E.    ADDITIONAL SAFEGUARDS FOR CONFIDENTIAL HEALTH INFORMATION AND PII**

The Parties also seek to ensure that any person who receives and stores CONFIDENTIAL HEALTH INFORMATION or PII in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CONFIDENTIAL HEALTH INFORMATION and PII, and to

9

prevent unpermitted use or disclosure of any CONFIDENTIAL HEALTH INFORMATION or PII they may receive from any person in connection with this Proceeding. Accordingly, to the extent practicable within the time constraints for producing discovery, the Producing Party should inform the Receiving Party that it will be producing categories of documents that may contain CONFIDENTIAL HEALTH INFORMATION or PII and the nature of that information in advance of the production, so that the Receiving Party can determine whether receipt of that CONFIDENTIAL HEALTH INFORMATION or PII is necessary, and be prepared to receive it, and so that the Parties can meet and confer to discuss next steps as needed. CONFIDENTIAL HEALTH INFORMATION and PII will be securely returned or destroyed pursuant to the below provisions.

CONFIDENTIAL HEALTH INFORMATION and PII does not include any document or information in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained CONFIDENTIAL HEALTH INFORMATION or PII so long as the redactions do not result in prejudice to another Party. Under no circumstances are block redactions permitted—any redactions of CONFIDENTIAL HEALTH INFORMATION or PII must solely redact the unique identifiers listed above. Any such redacted document or information may nevertheless be Protected Material under other terms of this Order. To the extent a Producing Party produces a document reflecting the CONFIDENTIAL HEALTH INFORMATION or PII of a Receiving Party, such information shall not be redacted.

**F.    DESIGNATING PROTECTED MATERIAL**

1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section F.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION", to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each

11

portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL HEALTH INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins and must specify, for each portion, the level of protection being asserted).

b.  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days (after the Designating Party receives the draft transcript for the deposition, hearing, or other proceeding) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.

12

Alternatively, a Designating Party may specify, at the deposition, hearing, or other proceeding or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION."

A Party shall give the other Parties notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that all Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings, excepting from such signature requirement a Party's insurer representative. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL HEALTH INFORMATION" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

c.      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**G. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Challenges and designations may be based on the express provisions of this Order, as well as any applicable state or federal statutes, court rules, case decisions, or common law. A Challenging Party may also challenge a Designating Party's confidentiality designation on the ground that the information is in the public domain at the time of disclosure to a Receiving Party, unless that information came into the public domain as a result of a violation of law or of this Order. However, any information that meets the definition of PII or "CONFIDENTIAL HEALTH INFORMATION" shall under no circumstances lose the protection afforded to it under this Order on the basis that the information is in the public domain.

2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* or follow the procedures for informal, telephonic discovery hearings on the Court's website.

3. <u>Challenges</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an

improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the matter is resolved by agreement of the parties or the Court rules on the challenge.

**H.     ACCESS TO AND USE OF PROTECTED MATERIAL**

1.     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section M below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

Any person receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use all reasonable measures to store and maintain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" information so as to prevent unauthorized disclosure.

2.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

    a.    the Receiving Party and its Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b.    the officers, directors, employees (including In-House Counsel) and insurers of the Receiving Party (and its parent companies, subsidiaries, and affiliates) to whom disclosure is reasonably necessary for this Action;

    c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and have been provided a copy of this Stipulated Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Counsel for the Party obtaining the signed Acknowledgement shall supply a copy to counsel for the Producing Party at the time designated for any disclosure of the expert's report or opinions, or for good cause shown;

    d.    the court and its personnel;

    e.    court reporters and their staff;

    f.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, and have been provided a copy of this Stipulated Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Counsel for the Party obtaining the signed Acknowledgement shall supply a copy to counsel for the Producing Party at the time designated for any disclosure of the consultant's report or opinions, or for good cause shown;

    g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, knew, or reasonably should have known the information;

h. during their depositions, witnesses, and attorneys for witnesses, in the Action provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i. unless otherwise agreed in advance by the parties on a case-by-case basis, any Non-Party witness who is given access to "CONFIDENTIAL" information prior to any deposition or any testimony in this Action shall prior thereto, be provided with a copy of this Stipulated Protective Order and shall execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Counsel for the Party obtaining the signed Acknowledgement shall supply a copy to counsel for the Producing Party at the start of the nonparty witness's testimony, or for good cause shown; and

j. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL HEALTH INFORMATION" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" only to:

a. the Receiving Party's Outside Counsel of Record in this action, and their associated attorneys, paralegals, and other professional and non-professional personnel who are directly assisting such counsel in this Action, are

17

under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      b.    In-House Counsel and the officers, directors, employees and insurers of the Receiving Party (and its parent companies, subsidiaries, and affiliates) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), excepting from such signature requirement a Party's insurer representative;

      c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have been provided a copy of this Stipulated Protective Order and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Counsel for the Party obtaining the signed Acknowledgement shall supply a copy to counsel for the Producing Party at the time designated for any disclosure of the expert's report or opinions, or for good cause shown;

      d.    the court and its personnel;

      e.    court reporters and their staff;

      f.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and have been provided a copy of this Stipulated Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Counsel for the Party obtaining the signed Acknowledgement shall supply a copy to counsel for the Producing Party at the time designated for any disclosure of the consultant's report or opinions, or for good cause shown;

      g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, knew, or reasonably should have known the information;

      h.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

18

party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

        i.     unless otherwise agreed in advance by the parties on a case-by-case basis, any Non-Party witness who is given access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" information prior to any deposition or any testimony in this Action shall prior thereto, be provide with a copy of this Stipulated Protective Order and shall execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  Counsel for the Party obtaining the signed Acknowledgement shall supply a copy to counsel for the Producing Party at the start of the nonparty witness's testimony, or for good cause shown; and

        j.     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, provided the mediator or settlement officer signs the form attached as Exhibit A hereto.

## I.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" that Party must:

        1.     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## J.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1.     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.    make the information requested available for inspection by the Non-Party, if requested.

3.    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the valid discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**K.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**L.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## M.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section D, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel and Receiving Party's insurers are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section D (DURATION).  A Party's insurer is not

required to comply with the terms of this section to the extent such compliance would violate any statutory, regulatory or other legal requirement or obligation to the contrary.

## N.    MISCELLANEOUS

1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.    <u>Party's Disclosure of its Own Documents</u>. Nothing in this Order shall prevent a Producing Party from disclosing its own Disclosure or Discovery Material, including Protected Material, in any manner it chooses.

3.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. By entering into this Stipulated Protective Order, Defendant does not waive and expressly reserves its right to enforce the Terms of Service, including but not limited to any objection, defense, or argument that Plaintiffs' claims may only proceed in individual arbitration, and that the JAMS Streamlined Arbitration Rules & Procedures apply and define the permissible scope of discovery.

4.    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

5.    <u>Effectiveness when Executed</u>. Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of Court until it is formally approved by the Court.

1   6.  <u>Violation of this Order</u>. Any violation of this Order may be punished by

2   any and all appropriate measures including, without limitation, contempt proceedings

3   and/or monetary sanctions.

4   7.  <u>Applicability of this Order</u>. This Order shall only apply if this

5   consolidated Action proceeds in the United States District Court for the Central

6   District of California in its current form.

7   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

8   Dated: June 15, 2021                        Respectfully submitted,

9                                               */s/ Theodore Maya*

10                                              Theodore Maya

11                                              Daniel S. Robinson (SBN 244245)

12                                              Michael Olson (SBN 312857)
                                                Wesley K. Polischuk (SBN 254121)

13                                              **ROBINSON CALCAGNIE, INC.**

14                                              19 Corporate Plaza Drive
                                                Newport Beach, CA 92660

15                                              (949) 720-1288; Fax: (949) 720-1292

16                                              drobinson@robinsonfirm.com
                                                molson@robinsonfirm.com

17                                              wpolischuk@robinsonfirm.com

18                                              Hassan A. Zavareei (SBN 181547)

19                                              **TYCKO & ZAVAREEI LLP**

20                                              1828 L Street NW, Suite 1000
                                                Washington, D.C. 20036

21                                              (202) 973-0900; Fax (202) 973-0950

22                                              hzavareei@tzlegal.com

23                                              Tina Wolfson (SBN 174806)

24                                              Theodore W. Maya (SBN 223242)
                                                Bradley K. King (SBN 274399)

25                                              Rachel R. Johnson (SBN 331351)

26                                              **AHDOOT & WOLFSON, PC**

27                                              2600 West Olive Avenue, Suite 500
                                                Burbank, California 91505

28                                              (310) 474-9111; Fax: (310) 474-8585

24

twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com
rjohnson@ahdootwolfson.com

*Attorneys for Plaintiffs*

Dated: June 15, 2021                    Respectfully submitted,

                                         /s/ Moez M. Kaba
                                        Moez M. Kaba (SBN 257456)
                                        Ashley M. Artmann (SBN 319374)
                                        **HUESTON HENNIGAN LLP**
                                        523 W. 6th Street, Suite 400
                                        Los Angeles, CA 90014
                                        (213) 788-4340; Fax: (888) 775-0898
                                        mkaba@hueston.com
                                        aartmann@hueston.com

                                        *Attorneys for Defendant*

## ATTESTATION REGARDING SIGNATURES

I, Theodore Maya, attest pursuant to Local Civil Rule 5-4.3.4(a)(2) that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 15, 2021                     /s/ Theodore Maya
                                        Theodore Maya

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  June 16, 2021                   /s/ - Rozella A. Oliver
                                        Honorable Rozella A. Oliver
                                        United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *In Re: Ring LLC Privacy Litigation*, Case No. 2:19-cv-10899-MWF (RAOx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

26