DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ring LLC Privacy Litigation* | Case No. 2:19-CV-10899-MWF-RAO |
| | **CLASS ACTION SETTLEMENT AGREEMENT** |
| | Judge: The Honorable Michael W. Fitzgerald |
| This document relates to all cases except *Foster v. Ring, LLC*, No. 2:21-cv-02175-MWF-RAO (C.D. Cal.) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is made by and entered into on the last date signed below ("Stipulation Effective Date") between and among Ring LLC ("Defendant" or "Ring") and Marco Mariutto, Yolanda Martinez, Jeannette Pantoja, Johnny Powell, and Abhi Sheth ("Plaintiffs") individually and on behalf of all Settlement Class Members as defined herein. Collectively, Defendant and Plaintiffs shall be referred to herein as the "Parties."

## I.   DEFINITIONS

For purposes of this Stipulation, the following terms shall have the meanings specified herein:

1.   "Action" shall mean Plaintiffs' individual and class claims asserted in *In re Ring LLC Privacy Litigation* or the Arbitrations.

2.   "Administration Expenses" shall mean the reasonable fees, costs, expenses and charges incurred in carrying out the terms of the Settlement, including costs and expenses incurred in relation to any Court-ordered notice and administration associated with the Settlement and this Stipulation.

3.   "Alleged Personal Information Sharing" shall mean all Plaintiffs' allegations in *In re Ring LLC Privacy Litigation* or the Arbitrations, including that Ring shared accountholders' personal information with third parties without their consent.

4.   "Arbitrations" shall mean the arbitrations filed with JAMS captioned *Marco Mariutto v. Ring LLC*, JAMS Ref. No. 1110027515; *Yolanda Martinez v. Ring LLC*, JAMS Ref. No. 1460007712; *Jeannette Pantoja v. Ring LLC*, JAMS Case ID: 29432; *Johnny Powell v. Ring LLC*, JAMS Ref. No. 1440007412; and *Abhi Sheth v. Ring LLC*, JAMS Ref. No. 1220071173.

5.   "CAFA Notice" shall mean the notice of the proposed settlement in compliance with the requirements of the federal Class Action Fairness Act, 28 U.S.C.

1    § 1711 *et seq.*

2       6.    "Class Period" shall be defined as broadly as possible, including, but not
3    limited to, February 18, 2016 through the Stipulation Effective Date.

4       7.    "Court" shall mean the United States District Court for the Central
5    District of California.

6       8.    "Defendant" shall mean Ring LLC.

7       9.    "Defense Counsel" shall mean Hueston Hennigan, LLP.

8       10.   "Effective Date" shall mean the date that the Court grants final approval
9    of the Settlement.

10      11.   "Final Approval Hearing" shall mean the hearing that is to take place after
11   the entry of the Preliminary Approval Order for purposes of: (a) entering the Final
12   Order and Judgment and dismissing Plaintiffs' claims in *In re Ring LLC Privacy*
13   *Litigation* with prejudice; (b) determining whether the Settlement should be approved
14   as fair, reasonable, adequate, and in the best interests of the Settlement Class Members;
15   and (c) to rule upon an application by Plaintiffs' Counsel for an award of attorneys'
16   fees and class representative awards.

17      12.   "Final Order and Judgment" shall mean an order fully and finally
18   approving the Settlement and dismissing Plaintiffs' claims in *In re Ring LLC Privacy*
19   *Litigation* with prejudice, the proposed form of which is attached hereto as **Exhibit A.**

20      13.   "*In re Ring LLC Privacy Litigation*" shall mean the consolidated
21   proceeding in the District Court for the Central District of California under the caption
22   *In re Ring LLC Privacy Litigation*, Case No. 2:19-cv-10899-MWF-RAO (C.D. Cal.).

23      14.   "Personal Information" shall mean:

24           (1) information that identifies, relates to, describes, is reasonably capable
25   of being associated with, or could reasonably be linked, directly or indirectly, with a
26   particular consumer or household. Personal information includes, but is not limited to,
27   the following if it identifies, relates to, describes, is reasonably capable of being
28   associated with, or could be reasonably linked, directly or indirectly, with a particular

- 2 -
CLASS ACTION SETTLEMENT AGREEMENT

consumer or household:

(A) Identifiers such as a real name, alias, postal address, unique personal identifier, online identifier, advertising identifier, device identifier, Internet Protocol address, email address, account name, social security number, driver's license number, passport number, or other similar identifiers.

(B) Any personal information described in subdivision (e) of California Civil Code § 1798.80.

(C) Characteristics of protected classifications under California or federal law.

(D) Commercial information, including records of personal property, products or services purchased, obtained, or considered, or other purchasing or consuming histories or tendencies.

(E) Biometric information.

(F) Internet or other electronic network activity information, including, but not limited to, browsing history, search history, and information regarding a consumer's interaction with an internet website application, or advertisement.

(G) Geolocation data.

(H) Audio, electronic, visual, thermal, olfactory, or similar information.

(I) Professional or employment-related information.

(J) Education information, defined as information that is not publicly available personally identifiable information as defined in the Family Educational Rights and Privacy Act (20 U.S.C. § 1232g; 34 C.F.R. Part 99).

(K) Inferences drawn from any of the information identified in this definition to create a profile about a consumer reflecting the consumer's preferences, characteristics, psychological trends, predispositions, behavior, attitudes, intelligence, abilities, and aptitudes.

- 3 -

CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

1          (L) Sensitive personal information.

2          (2) "Personal Information" does not include publicly available

3    information or lawfully obtained, truthful information that is a matter of public

4    concern. For purposes of this paragraph, "publicly available" means: information that

5    is lawfully made available from federal, state, or local government records, or

6    information that a business has a reasonable basis to believe is lawfully made available

7    to the general public by the consumer or from widely distributed media; or information

8    made available by a person to whom the consumer has disclosed the information if the

9    consumer has not restricted the information to a specific audience. "Publicly available"

10   does not mean biometric information collected by a business about a consumer without

11   the consumer's knowledge.

12          (3) "Personal Information" does not include consumer information that is

13   deidentified or aggregate consumer information.

14          (4) "Aggregate consumer information" means information that relates to

15   a group or category of consumers, from which individual consumer identities have

16   been removed, that is not linked or reasonably linkable to any consumer or household,

17   including via a device. "Aggregate consumer information" does not mean one or more

18   individual consumer records that have been deidentified.

19          (5) "Deidentified" means information that cannot reasonably be used to

20   infer information about, or otherwise be linked to, a particular consumer provided that

21   the business that possesses the information: (1) Takes reasonable measures to ensure

22   that the information cannot be associated with a consumer or household. (2) Publicly

23   commits to maintain and use the information in deidentified form and not to attempt

24   to reidentify the information, except that the business may attempt to reidentify the

25   information solely for the purpose of determining whether its deidentification

26   processes satisfy the requirements of this definition. (3) Contractually obligates any

27   recipients of the information to comply with all provisions of this definition.

28          15.    "Parties" shall mean collectively the Plaintiffs and Defendant.

- 4 -

CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

1    16.   "Plaintiffs" shall mean Marco Mariutto, Yolanda Martinez, Jeannette

2  Pantoja, Johnny Powell, and Abhi Sheth.

3    17.   "Plaintiffs' Counsel" shall mean Ahdoot & Wolfson, PC, Tycko &

4  Zavareei LLP, and Robinson Calcagnie, Inc.

5    18.   "Preliminary Approval Order" shall mean an order preliminarily

6  approving the Settlement, the proposed form of which is attached hereto as **Exhibit B**.

7    19.   "Released Individual Claims" shall mean any and all claims, demands,

8  rights, actions, suits, damages, costs, fees, accounts, debts, liens, injunctive relief,

9  restitution, and causes of action of whatever kind, nature, or description whatsoever,

10  in law or in equity (including, but not limited to, claims for attorneys' fees or

11  accountants' fees or costs), whether known or unknown, suspected or unsuspected,

12  which Plaintiffs (or Plaintiffs' respective heirs, executors, administrators,

13  representatives, agents, attorneys, partners, successors, predecessors-in-interest, and

14  assigns) may now have or have had, or may hereafter have or assert against the

15  Released Parties for or by reason of any matter, event, thing, act, transaction, or

16  occurrence whatsoever occurring or arising out of, relating to, resulting from, or in any

17  way connected with Plaintiffs' purchase, use, or exposure to any Ring product or

18  service, including, but not limited to, the Alleged Personal Information Sharing, as of

19  the Effective Date. The Released Individual Claims include, but are not limited to, any

20  and all claims and causes of action that have been or could have been asserted against

21  the Released Parties by Plaintiffs.

22    20.   "Released Settlement Class Claims" shall mean any and all claims,

23  demands, rights, actions, suits, and causes of action of whatever kind, nature, or

24  description whatsoever, for any non-monetary relief, including injunctive relief, non-

25  monetary declaratory relief, or any other equitable relief, whether known or unknown,

26  suspected or unsuspected, which the Settlement Class Members (or the Settlement

27  Class Members' respective heirs, executors, administrators, representatives, agents,

28  attorneys, partners, successors, predecessors-in-interest, or assigns) may now have or

CLASS ACTION SETTLEMENT AGREEMENT

1   have had, that could have been brought, or may hereafter have or assert against the
2   Released Parties that are based upon or arising out of, in whole or in part, the facts,
3   activities, events, or transactions alleged by any Plaintiff or Plaintiffs in the Action.
4   For avoidance of doubt, if a claim or cause of action seeks both monetary and equitable
5   relief, only the equitable relief portion of the claim is being released by this Settlement.

6        21.    "Released Parties" shall mean Ring LLC and each of its partners, parents,
7   subsidiaries, divisions, predecessors, successors, assigns, and affiliates, and each of
8   their past, present, and future officers, directors, employees, partners, shareholders,
9   members, managers, investors, accountants, owners, trustees, insurers, attorneys,
10  agents, representatives, independent contractors, and successors in interest.

11       22.    "Settlement" shall mean the settlement contemplated by this Stipulation.

12       23.    "Settlement Class" shall mean all persons who purchased a Ring security
13  device of any kind from Ring LLC and/or created a Ring account during the Class
14  Period. Excluded from the Settlement Class are Defendant and Defendant's officers,
15  agents, and employees. Also excluded from the Settlement Class are Plaintiffs'
16  Counsel, any judicial officer presiding over the Action and members of their
17  immediate family, members of their judicial staff, and any judge sitting in the presiding
18  court system who may hear an appeal of any judgment entered.

19       24.    "Settlement Class Member(s)" shall mean any member(s) of the
20  Settlement Class.

21       25.    "Stipulation Effective Date" shall mean the date the last counterpart of
22  this Stipulation is signed.

23            **II.**    **RECITALS**

24      WHEREAS, Plaintiffs Marco Mariutto, Yolanda Martinez, Jeannette Pantoja,
25  Johnny Powell, and Abhi Sheth have asserted claims against Defendant in *In re Ring*
26  *LLC Privacy Litigation*;

27      WHEREAS, Plaintiffs allege that Ring shared accountholders' personal
28  information with third parties without consent;

1    WHEREAS, Plaintiffs asserted individual claims as well as class claims on

2    behalf of a putative class defined as "All persons who purchased a Ring security device

3    of any kind from Ring LLC and/or created a Ring account during the applicable

4    limitations period";

5    WHEREAS, Plaintiffs have asserted individual and class claims against

6    Defendant for negligence, violation of California Business & Professions Code

7    § 17200, breach of implied contract, unjust enrichment, public disclosure of private

8    facts and violation of California Constitution Art. 1 § 1, violation of California Civil

9    Code § 1770, and breach of the implied warranty of merchantability regarding the

10   Alleged Personal Information Sharing;

11   WHEREAS, on June 24, 2021, the Court presiding over *In re Ring LLC Privacy*

12   *Litigation* ordered Plaintiffs to arbitrate their claims against Defendant;

13   WHEREAS, Plaintiffs have filed individual Demands for Arbitration against

14   Defendant with JAMS asserting individual and class claims for negligence, violation

15   of California Business & Professions Code § 17200, breach of implied contract, unjust

16   enrichment, public disclosure of private facts and violation of California Constitution

17   Art. 1 § 1, violation of California Civil Code § 1770, and breach of the implied

18   warranty of merchantability;

19   WHEREAS, Defendant denies any and all allegations of wrongdoing, fault,

20   liability or damage of any kind to Plaintiffs or the Settlement Class, denies that it acted

21   improperly or wrongfully in any way, and believes that the Action has no merit;

22   WHEREAS, the Parties desire to fully and forever settle and resolve all

23   controversies and disputes between them arising out of, relating to, resulting from, or

24   in any way connected with the Action, including, but not limited to, the Alleged

25   Personal Information Sharing, without any admission of liability whatsoever, and in

26   accordance with the terms and conditions set forth below;

27   WHEREAS, the Parties engaged the Honorable Jay C. Gandhi to mediate their

28   disputes;

CLASS ACTION SETTLEMENT AGREEMENT

1   WHEREAS, the Parties, after vigorous arms-length negotiations, have agreed
2   to the terms and conditions set forth below in full and final settlement of all Released
3   Individual Claims and all Released Settlement Class Claims between Defendant, the
4   Plaintiffs, and the Settlement Class;

5   WHEREAS, the Stipulation reached by the Parties is intended to be a resolution
6   of all Released Individual Claims between Defendant and Plaintiffs in accordance with
7   the terms and conditions stated herein;

8   WHEREAS, the Stipulation reached by the Parties is intended to be a resolution
9   of all Released Settlement Class Claims between Defendant and the Settlement Class
10   in accordance with the terms and conditions stated herein;

11   WHEREAS, Defendant has considered the risks and potential costs of continued
12   litigation of the action, and the benefits of the proposed Settlement, and desires to settle
13   the lawsuit on the terms and conditions set forth in the Stipulation;

14   WHEREAS, Defendant has agreed to class action treatment of the Released
15   Settlement Class Claims solely for the purpose of effecting the compromise and
16   settlement of those claims on a class basis as set forth in the Stipulation;

17   WHEREAS, the Plaintiffs, by and through their respective counsel, have
18   conducted an extensive investigation into the facts and law relating to the Alleged
19   Personal Information Sharing claims and in the course of their investigation they
20   received, examined, and analyzed information, documents and materials that they
21   deem necessary and appropriate to enable them to enter into the Stipulation on a fully
22   informed basis;

23   WHEREAS, Plaintiffs' Counsel have considered that, if the claims asserted are
24   not settled now by voluntary agreement among the Parties, future proceedings
25   (including appeals) would be protracted and expensive, would involve highly complex
26   legal and factual issues relating to class certification, liability, and damages, and would
27   involve substantial uncertainties, delays, and other risks inherent in litigation;

28   WHEREAS, in light of the foregoing factors, Plaintiffs and Plaintiffs' Counsel

- 8 -

CLASS ACTION SETTLEMENT AGREEMENT

1  have concluded that it is desirable and in the best interests of Plaintiffs and the

2  Settlement Class Members to settle the claims asserted in the Action at this time on

3  the terms set forth in the Stipulation, and that the settlement terms confer exceptional

4  benefits upon Settlement Class Members, particularly in light of the damages that

5  Plaintiffs and Plaintiffs' Counsel believe are potentially recoverable at trial;

6        WHEREAS, Plaintiffs' Counsel have carefully reviewed the provisions of this

7  Stipulation and have concluded that the terms and conditions of the Stipulation are

8  fair, reasonable, and in the best interests of Plaintiffs and the Settlement Class

9  Members;

10        WHEREAS, this Stipulation shall not be deemed or construed as an admission

11  or as evidence of any violation of any federal or state statute or law, or of any liability

12  or wrongdoing by Defendant, or of the truth of any of the claims or allegations alleged

13  by Plaintiffs or as a waiver of any defenses thereto; and

14        NOW, THEREFORE, the undersigned Plaintiffs, individually and on behalf of

15  the Settlement Class, and Defendant agree that, on the terms and conditions described

16  herein, Plaintiffs' individual and class claims shall be settled and that all liability for

17  the Released Individual Claims and Released Settlement Class Claims shall be

18  released in full.

19        **III.**   **TERMS AND CONDITIONS**

20        NOW, THEREFORE, the Parties, for good and valuable consideration and each

21  intending to be legally bound, agree as follows:

22  **A.**   **Scope and Effect of Certification of the Settlement Class**

23        For purposes of settlement only, the Parties and their counsel agree that the

24  Court should make preliminary findings and enter a Preliminary Approval Order

25  granting provisional certification of the Settlement Class subject to final findings and

26  ratification in the Final Order and Judgment, and appointing Plaintiffs as the

27  representatives of the Settlement Class and Plaintiffs' Counsel as class counsel for the

28  Settlement Class.

CLASS ACTION SETTLEMENT AGREEMENT

1    In the event the Settlement is disapproved or set aside, Defendant reserves all
2  rights to contest certification of the Settlement Class or any other class in the Action
3  for any purpose. Defendant does not consent to certification of the Settlement Class
4  for any purpose other than to effectuate the Settlement. If this Stipulation is terminated
5  pursuant to its terms, or the Effective Date for any reason does not occur, the order
6  certifying the Settlement Class for purposes of effectuating this Stipulation, and all
7  preliminary and/or final findings regarding that class certification order, shall be
8  automatically vacated upon notice of the same to the Court, the Action shall proceed
9  as though the Settlement Class had never been certified pursuant to this Stipulation
10  and such findings had never been made, and the Action shall return to the procedural
11  status quo prior to the Stipulation Effective Date.

12  **B.    Equitable Relief for the Settlement Class**

13    As of the Stipulation Effective Date, and in part as a result of this litigation,
14  Ring confirms that the Control Center and Cookie Preferences Manager offer Ring
15  customers the option to opt out of Ring sharing their Personal Information for the
16  purposes of third-party web and app analytics as well as personalized advertising by
17  third parties.

18    Ring shall continue to offer Ring's United States customers the option to opt out
19  of Ring sharing their Personal Information with the third-party service providers
20  identified in paragraphs 328 through 335 of the Second Amended Consolidated Class
21  Action Complaint filed in *In re Ring LLC Privacy Litigation*, for purposes of third-
22  party web and app analytics as well as personalized advertising by third parties, for a
23  period of three (3) years from the Effective Date.

24    Ring shall display the following, additional language in its United States Terms
25  of Service within 30 days of the Effective Date. Ring shall display this additional
26  language for a period of three (3) years from the date it is posted, provided however
27  that Ring may update this disclosure to ensure accuracy.

28

CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

- We use third-party web and app analytics services on our websites and mobile apps. The service providers use automated technologies to collect and analyze information, including personal information (such as email, device identifier, and IP addresses) to understand how you use our websites and mobile apps. Web and app analytics services help us improve features, evaluate the effectiveness of our marketing, and, ultimately, optimize the customer experience. To learn more about these analytics services, please see our Cookie Policy.

- If you have a Ring account, you can opt out of Ring sharing your personal information with third parties for third-party web and app analytics and personalized advertising by third parties. Please visit the Control Center and/or Cookie Preferences Manager to set your preferences.

Ring shall display the following, additional frequently asked question on Ring's United States website Privacy page within thirty (30) days of the Effective Date. Ring shall display this additional language for a period of three (3) years from the date it is posted, provided however that Ring may update this disclosure to ensure accuracy.

- **Does Ring use third-party web and app analytics services on its website and mobile apps?** We use third-party web and app analytics services on our websites and mobile apps. The service providers use automated technologies to collect and analyze information, including personal information (such as email, device identifier, and IP addresses) to understand how you use our websites and mobile apps. Web and app analytics services help us improve features, evaluate the effectiveness of our marketing, and, ultimately, optimize the customer experience. To learn more about these analytics services, please see our Cookie Policy.

- If you have a Ring account, you can opt out of Ring sharing your personal information with third parties for third-party web and app analytics and

CLASS ACTION SETTLEMENT AGREEMENT

1      personalized advertising by third parties. Please visit the Control Center

2      and/or Cookie Preferences Manager to set your preferences.

3      Within thirty (30) days of the Effective Date, Ring shall update its United States

4   Control Center language under "Third Party Service Providers" to contain the

5   following language or language that is similar: "You can opt out of Ring sharing your

6   personal information with third parties for third-party web and app analytics and

7   personalized advertising by third parties." Ring shall display this language for a period

8   of three (3) years from the date it is posted, provided however that Ring may update

9   this disclosure to ensure accuracy.

10      Within thirty (30) days of the Effective Date, Ring shall send a notice to all

11  existing Ring accountholders in the United States that informs them of Ring's Privacy

12  Notice and the opt out option, and provides a conspicuous hyperlink to the opt out

13  option. Ring shall send the notice in the form attached hereto as **Exhibit C** by e-mail.

14      For a period of three (3) years after the Effective Date, Ring shall send an email

15  to all persons who create a new Ring account in the United States, after account

16  registration is completed, that informs them of Ring's Privacy Notice and the opt out

17  option, and provides a conspicuous hyperlink to the opt out option ("New Account

18  Email"). Ring shall begin sending New Account Emails within thirty (30) days of the

19  Effective Date in the form attached hereto as **Exhibit D** by e-mail. Ring may update

20  the New Account Email as appropriate, including to ensure accuracy, and update the

21  notification method (e.g., by text, in-app notification, or other equivalent notice to the

22  accountholder).

23  **C.     No Admission of Liability**

24      This Stipulation constitutes a compromise and settlement of claims, which are

25  asserted by Plaintiffs but are disputed and denied by the Released Parties. The

26  provisions contained in this Stipulation are not and shall not be deemed a presumption,

27  concession or admission by Defendant of any default, liability or wrongdoing as to any

28  facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor

- 12 -

CLASS ACTION SETTLEMENT AGREEMENT

1  shall they be interpreted, construed, deemed, invoked, offered, or received in evidence
2  or otherwise used by any person in the Action, or in any other action or proceeding,
3  whether civil, criminal or administrative. Defendant does not admit that it or any of
4  the Released Parties has engaged in any illegal or wrongful activity or that any person
5  has sustained any damage by reason of any of the facts complained of in the Action.

6  **D.      Confidentiality**

7      The terms of the Settlement, including this Stipulation, shall remain confidential
8  until this Stipulation is filed in connection with a motion for preliminary approval of
9  the Settlement, unless otherwise ordered by the Court. The Parties and their counsel
10 expressly acknowledge, understand, and agree that they shall keep the terms and
11 substance of any settlement negotiations leading up to the Stipulation in strict
12 confidence, except as necessary to obtain Preliminary and Final Approval thereof and
13 to enforce the Settlement, or as may be compelled or otherwise required by law or
14 Rules of Professional Responsibility or ordered by a court.

15     The Parties and their counsel agree that they shall not use any of the documents
16 or information Defendant provided to them during the course of the Action for any
17 purpose other than prosecution of the Action. The Stipulation shall not constitute a
18 precedent or be admissible for any purpose in any proceeding other than the Action;
19 provided, however, that the Stipulation and Settlement shall be admissible in any
20 proceeding between Plaintiffs or any Settlement Class Member and the Released
21 Parties to enforce its terms.

22 **E.      Submission of the Settlement for Preliminary Approval**

23     Plaintiffs will prepare and deliver to Defense Counsel all documents necessary
24 for obtaining preliminary approval, including a draft of the notice of motion and
25 memorandum of points and authorities of the Motion for Preliminary Approval and a
26 draft proposed Preliminary Approval Order. Plaintiffs shall provide the foregoing
27 drafts to Defense Counsel at least fourteen (14) days before they are filed with the
28 Court and will in good faith consider Defense Counsel's comments and requested

- 13 -
CLASS ACTION SETTLEMENT AGREEMENT

1   edits.

2       Plaintiffs' Counsel shall file the Motion for Preliminary Approval no later than
3   45 days after the full execution of this Stipulation and obtain a prompt hearing date for
4   the Motion for Preliminary Approval. The Parties' respective counsel shall appear
5   before the Court to advocate in favor of the Motion for Preliminary Approval.

6       Plaintiffs' Counsel shall file the Motion for Preliminary Approval for the
7   purpose of, among other things:

8       a.  Finding that the requirements for provisional certification of the Settlement
9           Class have been satisfied, appointing Plaintiffs as the representatives of the
10          Settlement Class, and Plaintiffs' Counsel as class counsel for the Settlement
11          Class, and preliminarily approving the Settlement as being within the range
12          of reasonableness;

13      b.  Scheduling a Final Approval Hearing not earlier than 100 days following the
14          filing of the Motion for Preliminary Approval to determine whether the
15          Settlement should be approved as fair, reasonable, adequate, and in the best
16          interests of the Settlement Class Members, and to determine whether a Final
17          Order and Judgment should be entered dismissing Plaintiffs' claims in *In re*
18          *Ring LLC Privacy Litigation* with prejudice;

19      c.  Preliminarily approving the form of the Final Order and Judgment;

20      d.  Providing that any objections by any Settlement Class Member to the
21          certification of the Settlement Class and the proposed Settlement contained
22          in this Stipulation, and/or the entry of the Final Order and Judgment, shall be
23          heard and any papers submitted in support of said objections shall be
24          considered by the Court at the Final Approval Hearing only if, on or before
25          21 days prior to the Final Approval Hearing, such objector files with the
26          Court a notice of the objector's intention to appear, and otherwise complies
27          with the requirements in Section G of this Stipulation;

28

- 14 -

CLASS ACTION SETTLEMENT AGREEMENT

e.  Establishing dates by which the Parties shall file and serve all papers in support of the Motion for Final Approval of the Settlement and/or in response to any valid and timely objections;

f.  Providing that all Settlement Class Members will be bound by the Final Order and Judgment dismissing Plaintiffs' claims in *In re Ring LLC Privacy Litigation* with prejudice;

g.  Pending the Final Approval Hearing, staying all proceedings in *In re Ring LLC Privacy Litigation*, other than proceedings necessary to carry out or enforce the terms and conditions of this Stipulation and the Preliminary Approval Order; and

h.  Pending the Final Approval Hearing, enjoining Plaintiffs and Settlement Class Members or any of them from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Individual Claims or Released Settlement Class Claims.

If the Court does not grant preliminary approval of the Settlement, the Parties will expeditiously work together in good faith to modify the Stipulation and otherwise satisfy the Court's concerns. However, if the Court conditions preliminary approval on any material change to the Settlement, the Parties shall have the right to terminate the Settlement provided in Section N.

**F.   CAFA Notice**

Within ten (10) business days following the filing of the Motion for Preliminary Approval, Defendant shall serve the CAFA Notice upon the appropriate state or federal officials, as provided by the federal Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* The CAFA Notice shall provide notice of the proposed Settlement in compliance with the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* All costs and expenses related to Defendant's compliance with CAFA shall be paid by Defendant.

**G.   Objections to the Settlement**

CLASS ACTION SETTLEMENT AGREEMENT

1   Any Settlement Class Member who intends to object to the fairness,

2   reasonableness, and/or adequacy of the Settlement must file a written objection with

3   the Court no later than 21 days before the Final Approval Hearing and send the written

4   objection by U.S. mail to Plaintiffs' Counsel and Defense Counsel at the addresses set

5   forth below postmarked no later than 21 days before the Final Approval Hearing.

6   **Plaintiffs' Counsel:** Tina Wolfson, Bradley King, Ahdoot Wolfson, 2600 W.

7   Olive Avenue, Suite 500, Burbank, California 91505-4521

8   **Defense Counsel:** Hueston Hennigan, LLP, 523 West Sixth St., Suite 400, Los

9   Angeles, CA 90014

10   Settlement Class Members who object must set forth their full name, current

11   address, and telephone number and that of their counsel, if any. Any objecting

12   Settlement Class Member must provide proof of membership in the Settlement Class,

13   state in writing all objections and the reasons for each objection, state any evidence

14   the objecting class member wishes to introduce in support of the objection(s), state

15   whether the objection applies only to the objector or to the entire class or a specific

16   subset thereof, state whether the objecting class member intends to appear at the Final

17   Approval Hearing either with or without separate counsel, and provide their signature.

18   No member of the Settlement Class shall be entitled to be heard at the Final Approval

19   Hearing (whether individually or through separate counsel) or to object to the

20   Settlement, and no written objections or briefs submitted by any member of the

21   Settlement Class shall be received or considered by the Court at the Final Approval

22   Hearing, unless written notice of the objecting class member's intention to appear at

23   the Final Approval Hearing and copies of any written objections and/or briefs shall

24   have been timely filed with the Court and timely served on Plaintiffs' Counsel and

25   Defense Counsel.

26   Members of the Settlement Class who fail to file and serve timely written

27   objections in the manner specified above shall be deemed to have waived all objections

28   and shall be foreclosed from making any objection (whether by appeal or otherwise)

- 16 -

CLASS ACTION SETTLEMENT AGREEMENT

1  to the Settlement.

2  **H.**    **Submission of the Settlement for Final Approval**

3      On the date set forth in the Preliminary Approval Order, but no sooner than 100
4  days after the Motion for Preliminary Approval is filed, a Final Approval Hearing shall
5  be conducted to determine final approval of the Settlement.

6      No later than 28 days before the calendared Final Approval Hearing, Plaintiffs
7  will file in Court a motion for final approval of the Settlement that includes a Proposed
8  Final Approval Order and a proposed Judgment (collectively, "Motion for Final
9  Approval"). Plaintiffs shall provide drafts of these documents to Defense Counsel not
10  later than fourteen (14) days prior to filing the Motion for Final Approval and will in
11  good faith consider Defense Counsel's comments and requested edits.

12      If the Court does not grant Final Approval of the Settlement, the Parties will
13  expeditiously work together in good faith to address the Court's concerns by revising
14  the Stipulation as necessary to obtain Final Approval. However, if the Court conditions
15  Final Approval on any material change to the Settlement, the Parties shall have the
16  right to terminate the Settlement provided in Section N. The Court's decision to award
17  less than the amounts requested for the class representative awards, Plaintiffs'
18  Counsel's fees, expenses, or costs shall not constitute a material modification to the
19  Settlement within the meaning of this paragraph.

20  **I.**    **Plaintiffs' Counsel's Attorneys' Fees and Expenses, Representative**
21          **Plaintiff Service Awards, and Administration Expenses**

22      In accord with Federal Rule of Civil Procedure Rule 23(h) and relevant case
23  law, Plaintiffs and their counsel will petition the Court for attorneys' fees, costs, and
24  expenses, and a representative plaintiff service award for each named Plaintiff. The
25  requested attorneys' fees, costs, expenses, and service awards, combined, shall not
26  exceed $500,000. The representative service award for each named Plaintiff shall not

27

28

- 17 -

CLASS ACTION SETTLEMENT AGREEMENT

1 exceed $5,000.[1] Defendant shall not object to or oppose any such petition, provided it
2 does not exceed these limits, nor take any steps to encourage objectors to do so. For
3 avoidance of doubt, the above-described limit on attorneys' fees and expenses and
4 service awards is a material term of the Settlement and, as such, if Plaintiffs or their
5 counsel petition the Court for an amount in excess of that limit, this Stipulation, and
6 the Settlement embodied therein, will be void.

7      The Parties negotiated attorneys' fees and expenses and representative plaintiff
8 service awards only after reaching an agreement upon the relief provided to the
9 Settlement Class.

10      Notwithstanding anything contained herein to the contrary, the procedure for
11 and the allowance or disallowance (in whole or in part) of any application by Plaintiffs'
12 Counsel or Plaintiffs for attorneys' fees and expenses or representative plaintiff service
13 awards are to be considered by the Court separately and apart from the fairness,
14 reasonableness, and adequacy of the Settlement, and any order or proceedings relating
15 exclusively to the award of attorneys' fees and expenses, or representative plaintiff
16 service awards, or any appeal of any order relating thereto, shall not operate to
17 terminate or cancel this Stipulation or be deemed material thereto or affect the finality
18 of the Order and Final Judgment approving the Settlement, or any other orders entered
19 pursuant to this Stipulation.

20      If the Court awards any representative plaintiff service award, Defendant shall
21 deliver to Plaintiffs' Counsel checks, each in the amount of the service award, made
22 payable to each of the named Plaintiffs who has been awarded a representative plaintiff
23 service award, within thirty (30) days after (a) the date a completed W-9 form for each
24 named Plaintiff is provided to Counsel for Defendant, or (b) the Effective Date,
25 whichever is later.

26

27 ───────────────

[1] The named Plaintiffs are Marco Mariutto, Yolanda Martinez, Jeannette Pantoja,
28 Johnny Powell, and Abhi Sheth.

CLASS ACTION SETTLEMENT AGREEMENT

1    Plaintiffs' Counsel's attorneys' fees, costs, and expenses, to the extent awarded
2    by the Court and consistent with the limits set forth above, shall be paid by Defendant
3    within thirty (30) days after the earlier of: (a) the Effective Date, or (b) the date on
4    which all of the following conditions have occurred: (i) the entry of the Court's order
5    so awarding attorneys' fees, costs, and expenses to Plaintiffs' Counsel,
6    notwithstanding any appeal, (ii) provision to Counsel for Defendant of a completed
7    and fully executed W-9 Form for the payee(s) of the Court-approved attorneys' fees,
8    costs, and expenses, as designated by Plaintiffs' Counsel, and (iii) provision to Counsel
9    for Defendant of a fully executed Undertaking Regarding Attorneys' Fees, Costs, and
10   Expenses by Plaintiffs' Counsel (the "Undertaking"), substantially in the form
11   attached hereto as **Exhibit E**.

12    In the event (a) the Final Order and Judgment (or the order awarding the
13   attorneys' fees, costs, and expenses) is reversed, vacated, modified, and/or remanded
14   for further proceedings or otherwise disposed of in any manner other than one resulting
15   in an affirmance, and (b) Defendant has paid Plaintiffs' Counsel attorneys' fees, costs,
16   and expenses awarded by the Court, then Plaintiffs' Counsel (or, as applicable, any
17   and all successor(s) or assigns of their respective firms) shall, within ten (10) business
18   days of such event, (i) severally repay to the Defendant, the respective amount of the
19   attorneys' fees, costs, and expenses paid to each of them, or (ii) repay to the Defendant
20   each of their proportional shares of the amount by which the attorneys' fees, costs, and
21   expenses has been reduced.

22    In the event (a) the Final Order and Judgment (or the order awarding any
23   representative plaintiff service award) is reversed, vacated, modified, and/or remanded
24   for further proceedings or otherwise disposed of in any manner other than one resulting
25   in an affirmance, and (b) Defendant has paid any representative plaintiff service award
26   awarded by the Court, then Plaintiffs' Counsel (or, as applicable, any and all
27   successor(s) or assigns of their respective firms or Plaintiffs) shall, within ten (10)
28   business days of such event, (i) severally repay to Defendant, the respective amount of

- 19 -
CLASS ACTION SETTLEMENT AGREEMENT

1   the representative plaintiff service award(s) paid to each of them, or (ii) repay to
2   Defendant each of their proportional shares of the amount by which the representative
3   plaintiff service award(s) has or have been reduced.

4        Defendant shall pay any and all Administration Expenses, including all costs
5   and expenses in relation to any Court-ordered notice and administration associated
6   with the Settlement or this Stipulation.

7        Plaintiffs and Plaintiffs' Counsel shall not in any way be responsible or liable
8   for any Administration Expenses, taxes, or any other expenses, including any costs of
9   notice and administration, associated with the Settlement or this Stipulation. The
10  Parties shall bear their own attorneys' fees, costs, and expenses other than the
11  attorneys' fees, costs, and expenses Plaintiffs' Counsel are awarded by the Court
12  pursuant to this Section I.

13  **J.    Named Plaintiffs' General Releases**

14       Upon the Effective Date, the Plaintiffs shall be deemed to have, and by operation
15  of the Final Order and Judgment shall have, fully, finally and forever released,
16  relinquished, and discharged all Released Individual Claims against the Released
17  Parties.

18       Without in any manner limiting the foregoing, the Settlement is expressly
19  intended to include and does include any and all claims which Plaintiffs may now or
20  may hereafter have or assert against the Released Parties for alleged injuries, losses
21  and damages, including all intangible losses, whether based on a tort, intentional tort,
22  contract, statute, or other theory of recovery, or attorneys' fees and costs, whether
23  known or unknown, whether already in existence or to arise in the future, anticipated
24  or not, for or by reason of any matter, event, thing, act, transaction, or occurrence
25  whatsoever occurring or arising out of, relating to, resulting from, or in any way
26  connected with Plaintiffs' purchase, use, or exposure to any Ring product or service,
27  including, but not limited to, the Alleged Personal Information Sharing.

28       Plaintiffs acknowledge and understand that they might later discover facts in

- 20 -
CLASS ACTION SETTLEMENT AGREEMENT

1   addition to or different from those that they now know or believe to be true with respect

2   to the subject matter of the Settlement, but that it is their intention to fully, finally, and

3   forever settle and release all matters, known or unknown, suspected or unsuspected,

4   that now exist or previously existed between Plaintiffs and the Released Parties. The

5   Settlement is intended to be and is final and binding, regardless of any claims of

6   misrepresentation, concealment of fact, or mistake of law or fact, and shall remain in

7   effect as a full and complete release of all such matters, notwithstanding the discovery

8   or existence of any additional or different claims or facts relating to the Settlement. In

9   furtherance of such intention, Plaintiffs agree that the releases given pursuant to the

10   Settlement shall remain in effect as a full and complete release, notwithstanding the

11   discovery or existence of any such additional or different facts.

12      With respect to those current or potential claims, demands, or causes of action,

13   Plaintiffs specifically waive and relinquish, to the fullest extent permitted by law, the

14   provisions, rights, and benefits of the provisions of California Civil Code section 1542,

15   which provides as follows:

16   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
17   **THAT THE CREDITOR OR RELEASING PARTY DOES NOT**
     **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**
18   **THE TIME OF EXECUTING THE RELEASE AND THAT, IF**
     **KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY**
19   **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**
     **OR RELEASED PARTY.**
20

21   Notwithstanding the provisions of Section 1542, and for the purpose of

22   implementing a full and complete release and discharge, Plaintiffs expressly

23   acknowledge that the Settlement is intended to include in its effect, without limitation,

24   all claims of whatever kind arising out of or related in any way to the Released

25   Individual Claims, whether known or unknown, and that the Settlement extinguishes

26   all such claims. Plaintiffs acknowledge having read this Stipulation and had the

27   opportunity to receive independent legal advice with respect to the advisability of

28   executing this Stipulation, including this voluntary waiver of any rights Plaintiffs

- 21 -

CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

1  might have under California Civil Code section 1542.

2  Upon the Effective Date: (a) the Settlement shall be the exclusive remedy for

3  any and all Released Individual Claims; and (b) Plaintiffs are permanently barred and

4  enjoined from initiating, asserting, or prosecuting against the Released Parties in any

5  federal or state court or arbitration or tribunal any and all Released Individual Claims.

6  **K.  Settlement Class Members' Releases**

7  Upon the Effective Date, the Settlement Class Members shall be deemed to

8  have, and by operation of the Final Order and Judgment shall have, fully, finally and

9  forever released, relinquished, and discharged all Released Settlement Class Claims

10  against the Released Parties.

11  Without in any manner limiting the foregoing, the Settlement is expressly

12  intended to include and does include any and all claims which the Settlement Class

13  Members may now or may hereafter have or assert against the Released Parties for any

14  non-monetary relief, including injunctive relief, non-monetary declaratory relief, or

15  any other equitable relief, whether based on a tort, intentional tort, contract, statute, or

16  any other theory of recovery, whether known or unknown, whether already in

17  existence or to arise in the future, anticipated or not, that are based upon or arising out

18  of, in whole or in part, the facts, activities, events, or transactions alleged by any

19  Plaintiff or Plaintiffs in the Action. For avoidance of doubt, if a claim or cause of action

20  seeks both monetary and equitable relief, only the equitable relief portion of the claim

21  is being released by this Settlement.

22  Plaintiffs and Plaintiffs' Counsel acknowledge and understand that the

23  Settlement Class Members might later discover facts in addition to or different from

24  those that they now know or believe to be true with respect to the subject matter of the

25  Settlement, but that it is their intention to fully, finally, and forever settle and release

26  any and all claims for any non-monetary relief, including injunctive relief, non-

27  monetary declaratory relief, or any other equitable relief, known or unknown,

28  suspected or unsuspected, that now exist or previously existed between the Settlement

- 22 -

CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

1  Class Members and the Released Parties. The Settlement is intended to be and is final

2  and binding, regardless of any claims of misrepresentation, concealment of fact, or

3  mistake of law or fact, and shall remain in effect as a full and complete release of all

4  Released Settlement Class Claims, notwithstanding the discovery or existence of any

5  additional or different claims or facts relating to this Stipulation. In furtherance of such

6  intention, Plaintiffs and Plaintiffs' Counsel agree that the releases given pursuant to

7  the Settlement shall remain in effect as a full and complete release of the Released

8  Settlement Class Claims, notwithstanding the discovery or existence of any such

9  additional or different facts.

10      With respect to those current or potential claims, demands, or causes of action,

11  the Settlement Class Members shall be deemed to have, and by operation of the Final

12  Order and Judgment shall have specifically waived and relinquished, to the fullest

13  extent permitted by law, the provisions, rights, and benefits of the provisions of

14  California Civil Code section 1542 on behalf of the Settlement Class Members, which

15  provides as follows:

16  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT**

17  **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF**

18  **KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

19  **OR RELEASED PARTY.**

20

21  Notwithstanding the provisions of Section 1542, and for the purpose of

22  implementing a full and complete release and discharge, Plaintiffs and Plaintiffs'

23  Counsel expressly acknowledge that the Settlement is intended to include in its effect,

24  without limitation, all Released Settlement Class Claims, whether known or unknown,

25  and that the Settlement extinguishes all such claims. Plaintiffs and Plaintiffs' Counsel

26  acknowledge having read this Stipulation and had the opportunity to receive

27  independent legal advice with respect to the advisability of executing this Stipulation,

28  including this voluntary waiver of any rights the Settlement Class Members might have

- 23 -

CLASS ACTION SETTLEMENT AGREEMENT

1  under California Civil Code section 1542.

2      Upon the Effective Date: (a) the Settlement shall be the exclusive remedy for

3  any and all Released Settlement Class Claims; and (b) the Settlement Class Members

4  are permanently barred and enjoined from initiating, asserting, or prosecuting against

5  the Released Parties in any federal or state court or arbitration or tribunal any and all

6  Released Settlement Class Claims.

7  **L.      Dismissal of the Action**

8      Plaintiffs' Counsel shall have the responsibility for ensuring that Plaintiffs'

9  claims in *In re Ring LLC Privacy Litigation* are dismissed with prejudice and/or

10  judgment is entered as to Plaintiffs' claims within seven days of the Effective Date.

11      Within seven days of the Effective Date, Plaintiffs and Plaintiffs' Counsel shall

12  ensure that the Arbitrations are dismissed with prejudice and without the assessment

13  of costs or fees. The Parties agree that the Arbitrations will remain stayed until the

14  Arbitrations are dismissed with prejudice.

15      The Court shall retain jurisdiction over the Parties to this Stipulation and the

16  Settlement Class Members with respect to the future performance of the terms of the

17  Settlement. In the event that any applications for relief are made, such applications

18  shall be made to the Court.

19  **M.      Best Efforts**

20      Plaintiffs' Counsel shall take all necessary actions to accomplish approval of the

21  Settlement and dismissal of the Action. The Parties and their counsel agree to

22  cooperate fully with one another and to use their best efforts to effectuate the

23  Settlement, including without limitation in seeking preliminary and final Court

24  approval of the Stipulation and the Settlement embodied herein, carrying out the terms

25  of this Stipulation, and promptly agreeing upon and executing all such other

26  documentation as may be reasonably required to obtain final approval by the Court of

27  the Settlement. In the event that the Court fails to approve the Settlement or fails to

28  issue the Final Order and Judgment, the Parties agree to use all reasonable efforts,

- 24 -

CLASS ACTION SETTLEMENT AGREEMENT

1  consistent with this Stipulation and subject to Section N, to cure any defect identified

2  by the Court.

3  **N.    Termination**

4    In the event the terms or conditions of this Stipulation are required to be

5  materially modified or are materially modified by any court, either Party in its sole

6  discretion to be exercised within 14 days after such a material modification may

7  declare this Stipulation null and void. For purposes of this paragraph, material

8  modifications include but are not limited to any modifications to the definitions of the

9  Settlement Class, Settlement Class Members, Released Settlement Class Claims, or

10  Released Individual Claims, or court-ordered notice to the class beyond the CAFA

11  notice provided for in Section F of this Stipulation.

12    This Stipulation is entered into only for purposes of Settlement. If the Court fails

13  to finally approve the Settlement (or any part thereof) or the Final Order or Judgment

14  is not entered into for any reason, the Stipulation will be null and void and the Parties

15  will return to their respective positions as if this Stipulation was never negotiated,

16  drafted, or executed.

17  **O.    Other Provisions**

18    A.    This Stipulation is made pursuant to, and shall be construed and enforced

19  in accordance with, the laws of the State of California, without giving effect to

20  otherwise-applicable principles regarding conflicts of law.

21    B.    This Stipulation and its accompanying Exhibits constitute the single and

22  entire agreement between the Parties. Any and all prior and contemporaneous

23  disclosures, negotiations, stipulations, and agreements regarding the subject matter of

24  this Stipulation, whether written or oral, have been and are merged and integrated into

25  and are superseded by this Stipulation. This Stipulation shall not be modified except

26  by a writing signed by Plaintiffs and Defendant.

27    C.    If any term or provision of this Stipulation shall be judicially determined

28  to be illegal, unenforceable, invalid, or otherwise void, the Parties intend that all

1   remaining provisions shall continue to be given full force and effect, unless the
2   provision found to be unenforceable is of such material effect that this Stipulation
3   cannot be performed in accordance with the intent of the Parties in the absence of such
4   provision.

5       D.      Neither Defendant, Defense Counsel, nor Plaintiffs' Counsel make any
6   representation regarding the tax consequences of this Stipulation or the taxability of
7   any payment made thereunder. The Parties understand and expressly agree that any
8   income or other tax payable by them under tax laws, including any interest or penalties
9   (if any) ultimately determined to be payable from the payment, as well as any state or
10  federal reporting or payment obligations on them arising from or attributable to the
11  payment, are the sole responsibility of Plaintiffs. Plaintiffs agree to indemnify and hold
12  Defendant harmless in the event that any governmental taxing authority asserts against
13  Defendant any claim for unpaid taxes, failure to withhold taxes, penalties, or interest
14  based upon the payment made under the Stipulation.

15      E.      The Parties separately agree that they and their respective counsel and
16  employees will not solicit any Settlement Class Member to object to the Settlement,
17  or appeal from the Judgment. Nothing in this paragraph shall be construed to restrict
18  Plaintiffs' Counsel's ability to communicate with Settlement Class Members in
19  accordance with Plaintiffs' Counsel's ethical obligations owed to Settlement Class
20  Members.

21      F.      No waiver of any of the promises, obligations, terms, or conditions herein
22  shall be valid unless it is written and signed by the Party against whom the waiver is
23  sought to be enforced.

24      G.      This Stipulation shall be binding upon the Parties and each of their
25  respective heirs, personal representatives, successors, and assigns.

26      H.      This Stipulation has been negotiated among and drafted by Plaintiffs'
27  Counsel and Defendant. This Stipulation shall be construed as if the Parties
28

- 26 -

CLASS ACTION SETTLEMENT AGREEMENT

collectively prepared it and any uncertainty or ambiguity shall not be interpreted against any of the Parties.

I. The captions used herein are for convenience and identification purposes only and are not part of this Stipulation.

J. Each signatory to this Stipulation warrants and represents that he/she has full authority to enter into, deliver, and perform under this Stipulation, and that all acts and actions have been taken to grant such authority, and that no third-party consent, which has not already been obtained, is required. Each signatory to this Stipulation represents and warrants that he/she is authorized to execute this Stipulation on behalf of the Party or Parties for which he/she executed this Stipulation.

K. All Parties warrant and represent that they are agreeing to the terms of this Stipulation based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Stipulation with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted.

L. Plaintiffs warrant and represent that no portion of the Released Individual Claims or Released Settlement Class Claims have been assigned, conveyed, or otherwise transferred, and that they will not in the future attempt to sell, assign, convey, or otherwise transfer to any other entity any claim referenced herein. Plaintiffs acknowledge that the Released Parties enter this Stipulation in reliance upon the warranties made in this paragraph.

M. Plaintiffs represent and warrant that they have not filed with any court or arbitral forum any type of action or report against the Released Parties other than *In re Ring LLC Privacy Litigation* and the Arbitrations, and currently knows of no existing act or omission by the Released Parties that may constitute a claim or liability that Plaintiffs may assert on their own behalf excluded from the Released Individual Claims.

- 27 -
CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

N.    Plaintiffs' Counsel will not sell, assign, transfer, convey, or otherwise dispose of any of the claims, demands, obligations, and causes of action referred to in this Stipulation.

O.    This Stipulation may be executed in one or more counterparts, each of which shall be an original as against any Party who signed it, and all of which shall constitute one and the same document. A facsimile, photostatic, or electronic (*e.g.*, PDF format) copy of this Stipulation as executed shall be deemed an original. In addition, the Parties agree that any Electronic Signature by a Party to this Stipulation is intended to authenticate this writing and has the same force and effect as a handwritten signature. Pursuant to the California Uniform Electronic Transactions Act, "Electronic Signature" means an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record. For purposes of this section, a "digital signature" as defined in subdivision (d) of Section 16.5 of the Government Code is a type of electronic signature.

P.    The Recitals, including the definitions set forth therein, are a material part of this Stipulation and are incorporated herein in their entirety.

Q.    Plaintiffs and Plaintiffs' Counsel shall send any notices or other documents provided under this Stipulation by email to Moez Kaba (mkaba@hueston.com) and Ashley Artmann (aartmann@hueston.com) of Hueston Hennigan LLP and to Ring LLC, Attn: Legal Department, 12515 Cerise Ave., Hawthorne, CA 90250, with an electronic copy to legal@ring.com.

R.    For any notice required to be provided under this Stipulation, Defendant shall provide notice to Plaintiffs' Counsel identified in the signature blocks below.

S.    This Stipulation shall become effective upon execution by Defendant, Plaintiffs, and Plaintiffs' Counsel.

CLASS ACTION SETTLEMENT AGREEMENT

T.    The Parties believe that the Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at the Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have made and executed this Stipulation as of the date(s) set forth below.

**Ring LLC**

BY: _Michael Harris_
  3CC8400CE029475...

TITLE: COO, Ring

DATED: August 9, 2023 , 2023

BY: _____
  Marco Mariutto (Jun 18, 2023 10:46 PDT)

Marco Mariutto
DATED: Jun 18, 2023 , 2023

BY: _____
  Yolanda Martinez (Jun 14, 2023 17:26 EDT)

Yolanda Martinez
DATED: Jun 14, 2023 , 2023

BY: _____
  Jeannette Pantoja (Jun 14, 2023 11:48 MDT)

Jeannette Pantoja
DATED: Jun 14, 2023 , 2023

BY: _Johnny Powell_
  Johnny Powell (Jun 16, 2023 13:1 EDT)

Johnny Powell
DATED: Jun 16, 2023 , 2023

BY: _Abhi Sheth_
  Abhi Sheth (Jun 9, 2023 13:06 PDT)

Abhi Sheth
DATED: June 9th , 2023

- 29 -
CLASS ACTION SETTLEMENT AGREEMENT

DocuSign Envelope ID: 5CF26EDE-3239-4255-BBE7-928A71C60D6C

1  BY: _____

2  Tina Wolfson
   **AHDOOT & WOLFSON, PC**
3  2600 W. Olive Ave
   Burbank, CA 91505
4  Tele: 310-474-9111
   Email: twolfson@ahdootwolfson.com
5
   DATED: _____June 9_____, 2023
6
7  BY: _____

8  Hassan A. Zavareei
   **TYCKO & ZAVAREEI LLP**
9  1828 L Street NW, Suite 1000
   Washington, D.C. 20036
10 Tele: 202-973-0900
   Email: hzavareei@tzlegal.com
11
   DATED: _____June 18_____, 2023
12
13 BY: _____

14 Daniel S. Robinson
   **ROBINSON CALCAGNIE, INC.**
15 19 Corporate Plaza Drive
   Newport Beach, CA 92660
16 Tele: 949-720-1288
   Email: drobinson@robinsonfirm.com
17
   DATED: _____June 09_____, 2023
18

19

20

21

22

23

24

25

26

27

28

- 30 -

CLASS ACTION SETTLEMENT AGREEMENT