1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| *In re Ring LLC Privacy Litigation* | Case No. 2:19-CV-10899-MWF-RAO |
|---|---|
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |
| | Judge: The Honorable Michael W. Fitzgerald |
| This document relates to all cases except *Foster v. Ring, LLC*, No. 2:21-cv-02175-MWF-RAO (C.D. Cal.) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**WHEREAS**, the Parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with the Class Action Settlement Agreement ("Settlement") embodied in the Stipulation of Settlement (the "Stipulation") made and entered into by the Parties as of August 9, 2023 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Stipulation;

**WHEREAS,** all defined terms used in this Order have the same meanings as set forth in the Settlement;

**WHEREAS**, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

**WHEREAS**, the Parties reached a settlement as a result of vigorous arms' length negotiations, including participation in mediation before the Honorable Jay C. Gandhi;

**WHEREAS**, the Court has carefully reviewed the Settlement, the Stipulation, including the exhibits attached thereto and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record;

**IT IS HEREBY ORDERED** as follows:

1. The Court hereby finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted, as described in Paragraph 3 below. The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by Judge Gandhi, has no obvious deficiencies, and does not

improperly grant preferential treatment to the named Plaintiffs or any Settlement Class Member.

2. <u>Class Definition</u>. The Settlement defines the Settlement Class as: all persons who purchased a Ring security device of any kind from Ring LLC and/or created a Ring account during the Class Period. Excluded from the Settlement Class are Defendant and Defendant's officers, agents, and employees. Also excluded from the Settlement Class are Plaintiffs' Counsel, any judicial officer presiding over the Action and members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court system who may hear an appeal of any judgment entered (the "Class").

3. <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of The Honorable Michael W. Fitzgerald, United States District Court for the Central District of California, United States Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012 at _____ \_\_.m. on _____, 2023 ("Final Approval Hearing"), for the following purposes: (a) to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and in the best interests of Settlement Class Members, and should be approved by the Court; (b) to determine whether the Final Approval Order and Judgment should be entered in substance materially the same as Exhibit A to the Stipulation and dismissing Plaintiffs' claims in *In re Ring LLC Privacy Litigation* with prejudice; (c) to rule upon an application by Plaintiffs' Counsel for an award of attorneys' fees and class representative awards; and (d) to consider any other matters that properly may be brought before the Court in connection with the Settlement. The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class.

4. <u>Certification</u>. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this Action is impracticable, (b) there are questions of law and fact that are common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; and (d) the interests of all Settlement Class Members are adequately represented by the Plaintiffs and Class Counsel. These findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

5. <u>Representative Plaintiffs and Plaintiffs' Counsel</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court appoints Marco Mariutto, Yolanda Martinez, Jeannette Pantoja, Johnny Powell, and Abhi Sheth ("Plaintiffs") as the representatives of the Settlement Class, and Ahdoot & Wolfson, PC, Tycko & Zavareei LLP, and Robinson Calcagnie, Inc. ("Plaintiffs' Counsel") as class counsel for the Settlement Class. Solely for the purposes of effectuating the Settlement, Plaintiffs' Counsel are authorized to act on behalf of the Plaintiffs, and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement and the Stipulation, including all acts that are reasonably necessary to consummate the Settlement. These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

6. <u>Objections</u>. Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must file a written objection with the Court on or before _____, 2023, i.e., no later than 21 days before the Final Approval Hearing and send the written objection by U.S. mail to Plaintiffs' Counsel and Defense Counsel at the addresses set forth below

postmarked _____, 2023, i.e., no later than 21 days before the Final Approval Hearing:

**Plaintiffs' Counsel:** Tina Wolfson, Bradley King, Ahdoot Wolfson, 2600 W. Olive Avenue, Suite 500, Burbank, California 91505-4521

**Defense Counsel:** Hueston Hennigan, LLP, 523 West Sixth St., Suite 400, Los Angeles, CA 90014

7.  Settlement Class Members who object must set forth their full name, current address, and telephone number and that of their counsel, if any. Any objecting Settlement Class Member must provide proof of membership in the Settlement Class, state in writing all objections and the reasons for each objection, state any evidence the objecting class member wishes to introduce in support of the objection(s), state whether the objection applies only to the objector or to the entire class or a specific subset thereof, state whether the objecting class member intends to appear at the Final Approval Hearing either with or without separate counsel, and provide their signature. No member of the Settlement Class shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the objecting class member's intention to appear at the Final Approval Hearing and copies of any written objections and/or briefs shall have been timely filed with the Court and timely served on Plaintiffs' Counsel and Defense Counsel.

8.  Any Settlement Class Member who does not timely and validly make his or her Objection in the manner specified in this Order shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

9.  <u>Named Plaintiffs' General Releases</u>. Upon the Effective Date, the Plaintiffs shall be deemed to have, and by operation of the Final Order and Judgment

shall have, fully, finally and forever released, relinquished, and discharged all Released Individual Claims against the Released Parties.

Without in any manner limiting the foregoing, the Settlement is expressly intended to include and does include any and all claims which Plaintiffs may now or may hereafter have or assert against the Released Parties for alleged injuries, losses and damages, including all intangible losses, whether based on a tort, intentional tort, contract, statute, or other theory of recovery, or attorneys' fees and costs, whether known or unknown, whether already in existence or to arise in the future, anticipated or not, for or by reason of any matter, event, thing, act, transaction, or occurrence whatsoever occurring or arising out of, relating to, resulting from, or in any way connected with Plaintiffs' purchase, use, or exposure to any Ring product or service, including, but not limited to, the Alleged Personal Information Sharing.

10. <u>Settlement Class Members' Releases</u>. Upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Settlement Class Claims against the Released Parties.

Without in any manner limiting the foregoing, the Settlement is expressly intended to include and does include any and all claims which the Settlement Class Members may now or may hereafter have or assert against the Released Parties for any non-monetary relief, including injunctive relief, non-monetary declaratory relief, or any other equitable relief, whether based on a tort, intentional tort, contract, statute, or any other theory of recovery, whether known or unknown, whether already in existence or to arise in the future, anticipated or not, that are based upon or arising out of, in whole or in part, the facts, activities, events, or transactions alleged by any Plaintiff or Plaintiffs in the Action. For avoidance of doubt, if a claim or cause of action seeks both monetary and equitable relief, only the equitable relief portion of the claim is being released by the Settlement.

11. <u>Final Approval Briefing</u>.  All motions, briefs and supporting documents in support of a request for final approval of the Settlement that includes a Proposed Final Approval Order and a proposed Judgment (collectively, "Motion for Final Approval") must be filed and served on or before _____, 2023, i.e. no later than 28 days before the Final Approval Hearing. All briefs and supporting documents in response to any valid and timely objections shall be filed on or before _____, 2023.

12. <u>Reasonable Procedures</u>. Plaintiffs' Counsel and Counsel for Defendant are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Stipulation that they jointly agree are reasonable or necessary.

13. <u>Extension of Deadlines</u>.  Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Class.

14. <u>Stay and Temporary Injunction</u>.  Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation and this Order. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the Plaintiffs, and all Settlement Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Individual Claims or Released Settlement Class Claims.

15. If the Settlement is terminated as provided in the Stipulation, the Settlement is not finally approved, or in the event the Final Order or Judgment is not entered into for any reason, this Order shall be vacated, rendered null and void, and be of no further force and effect, and the Parties will return to their respective positions as if this Stipulation was never negotiated, drafted, or executed.

16. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED:**

Date: _____, 2023

_____
Honorable Michael W. Fitzgerald
United States District Judge