UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-10899-MWF (RAOx) | Date: | December 20, 2023 |
| Title: | In Re: Ring LLC Privacy Litigation | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:　　　　　　　　　　　　　Court Reporter:
Rita Sanchez　　　　　　　　　　　　　　Not Reported

Attorneys Present for Plaintiff:　　　　　Attorneys Present for Defendant:
None Present　　　　　　　　　　　　　　None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT [269]

Before the Court is Plaintiffs' Motion for Preliminary Approval of Settlement Agreement, filed on September 22, 2023 (the "Motion"). (Docket No. 269). No Opposition was filed.

The Motion was noticed to be heard on **October 30, 2023**. The Court has read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **GRANTED *in part***, in that the Court concludes that slightly more notice is required than the parties propose. Otherwise, the proposed settlement appears to be procedurally and substantively fair at this preliminary approval stage. The proposed class also appears to meet the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3).

I. **BACKGROUND**

The Court has previously summarized the background of this case in connection with the Court's Order granting in part Defendant Ring's Motion to Compel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: December 20, 2023 |
| Title: In Re: Ring LLC Privacy Litigation | |

Arbitration (the "Arbitration Order"). (Docket No. 113). The Court incorporates by reference the factual background set forth in the Arbitration Order.

In August 2023, Plaintiffs Marco Mariutto, Yolanda Martinez, Jeannette Pantoja, Johnny Powell, and Abhi Sheth and Defendant (collectively, the "Settling Parties") reached a Class Action Settlement Agreement (the "Agreement") contingent upon the Court's decision on the Motion. (*See* Agreement (Docket No. 268) at 9). The relevant terms of the Agreement are summarized as follows:

- "Settlement Class" is defined as "all persons who purchased a Ring security device of any kind from Ring LLC and/or created a Ring account during the Class Period. Excluded from the Settlement Class are Defendant and Defendant's officers, agents, and employees. Also excluded from the Settlement Class are Plaintiffs' Counsel, any judicial officer presiding over the Action and members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court system who may hear an appeal of any judgment entered." (Agreement ¶ 23).

- "Class Period" is defined to include "February 17, 2016 through the Stipulation Effective Date," which is "the date that the Court grants final approval of the Settlement." (Agreement ¶¶ 6, 10).

- "Plaintiffs" is defined as Marco Mariutto, Yolanda Martinez, Jeannette Pantoja, Johnny Powell, and Abhi Sheth. (Agreement ¶ 16).

- "Released Parties" includes "Ring LLC and each of its partners, parents, subsidiaries, divisions, predecessors, successors, assigns, and affiliates, and each of their past, present, and future officers, directors, employees, partners, shareholders, members, managers, investors, accountants, owners, trustees, insurers, attorneys, agents, representatives, independent contractors, and successors in interest." (Agreement ¶ 21).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-10899-MWF (RAOx) | **Date:** December 20, 2023 |
| **Title:** In Re: Ring LLC Privacy Litigation | |

- "Effective Date" is defined as "the date that the Court grants final approval of the Settlement." (Agreement ¶ 10).

- "Stipulation Effective Date" is defined as "the date the last counterpart of [the] Stipulation is signed." (Agreement ¶ 25).

- Defendant "confirms that the Control Center and Cookie Preferences Manager offer Ring customers the option to opt out of Ring sharing their Personal Information for the purposes of third-party web and app analytics as well as personalized advertising by third parties." (Agreement at 10).

- Defendant agrees to "continue to offer Ring's United States customers the option to opt out of Ring sharing their Personal Information with the third-party service providers identified in paragraphs 328 through 335 of the Second Amended Consolidated Class Complaint" filed in this action, "for purposes of third-party web and app analytics as well as personalized advertising by third parties, for a period of three (3) years from the Effective Date." (Agreement at 10).

- Within thirty days of the Effective Date, Defendant agrees to display "the following, additional language in its United States Terms of Service . . . for a period of three (3) years from the date it is posted.

  - We use third-party web and app analytics services on our websites and mobile apps. The service providers use automated technologies to collect and analyze information, including personal information (such as email, device identifier, and IP addresses) to understand how you use our websites and mobile apps. Web and app analytics services help us improve features, evaluate the effectiveness of our marketing, and, ultimately, optimize the customer experience. To learn more about these analytics services, please see our Cookie Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: December 20, 2023 |
| Title: In Re: Ring LLC Privacy Litigation | |

- o If you have a Ring account, you can opt out of Ring sharing your personal information with third parties for third-party web and app analytics and personalized advertising by third parties. Please visit the Control Center and/or Cookie Preferences Manager to set your preferences." (Agreement at 10–11).

- Within thirty days of the Effective Date, Defendant agrees to "display the following, additional frequently asked question on Ring's United States website Privacy page . . . for a period of three (3) years from the date it is posted.

  - o **Does Ring use third-party web and app analytics services on its website and mobile apps?** We use third-party web and app analytics services on our websites and mobile apps. The service providers use automated technologies to collect and analyze information, including personal information (such as email, device identifier, and IP addresses) to understand how you use our websites and mobile apps. Web and app analytics services help us improve features, evaluate the effectiveness of our marketing, and, ultimately, optimize the customer experience. To learn more about these analytics services, please see our Cookie Policy.

  - o If you have a Ring account, you can opt out of Ring sharing your personal information with third parties for third-party web and app analytics and personalized advertising by third parties. Please visit the Control Center and/or Cookie Preferences Manager to set your preferences." (Agreement at 11–12).

- Within thirty days of the Effective Date, Defendant agrees to update its United States Control Center language under "Third Party Service Providers" to contain the following language or language that is similar for a period of three (3) years from the date it is posted: "You can opt out of Ring sharing your personal information with third parties for third-party web and app analytics and personalized advertising by third parties." (Agreement at 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: December 20, 2023 |
| Title: In Re: Ring LLC Privacy Litigation | |

- Within thirty days of the Effective Date, Defendant agrees to send notices to all existing Ring accountholders in the United States by email that informs them of Ring's Privacy Notice and the opt out option, and provide a conspicuous hyperlink to the opt out option. (Agreement at 12).

- Defendant agrees, for a period of three (3) years after the Effective Date, to "send an email to all persons who create a new Ring account in the United States, after account registration is completed, that informs them of Ring's Privacy Notice and the opt out option, and provides a conspicuous hyperlink to the opt out option ("New Account Email"). [Defendant] shall begin sending New Account Emails within thirty (30) days of the Effective Date and may update the New Account Email as appropriate, including to ensure accuracy, and update the notification method (e.g., by text, in-app notification, or other equivalent notice to the account holder)." (Agreement at 12).

- Within ten business days following the filing of the Motion for Preliminary Approval, Defendant shall serve the Class Action Fairness Act ("CAFA") Notice upon the appropriate state or federal officials, as provided by 28 U.S.C. § 1711 *et seq*. The CAFA Notice shall provide notice of the proposed Settlement in compliance with the requirements of CAFA. All costs and expenses related to Defendant's compliance with CAFA shall be paid by Defendant. (Agreement at 15).

- Settlement Class Members may object to the Settlement by, no later than twenty-one days before the Final Approval hearing, filing a written objection with the Court and sending the written objection by U.S. mail to counsel for the parties. (Agreement at 16).

- Plaintiffs and their counsel will petition the Court for attorneys' fees, costs, expenses, and service awards. The total amount requested will not exceed $500,000. The representative service award for each Plaintiff shall also not exceed $5,000. (Agreement at 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  December 20, 2023 |
| Title:      In Re: Ring LLC Privacy Litigation | |

- In exchange, Plaintiffs will release and discharge "any and all claims, demands, rights, actions, suits, damages, costs, fees, accounts, debts, liens, injunctive relief, restitution, and causes of action of whatever kind, nature, or description whatsoever, in law or in equity (including, but not limited to, claims for attorneys' fees or accountants' fees or costs), whether known or unknown, suspected or unsuspected, which Plaintiffs (or Plaintiffs' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) may now have or have had, or may hereafter have or assert against the Released Parties for or by reason of any matter, event, thing, act, transaction, or occurrence whatsoever occurring or arising out of, relating to, resulting from, or in any way connected with Plaintiffs' purchase, use, or exposure to any Ring product or service, including, but not limited to, the Alleged Personal Information Sharing, as of the Effective Date.  The Released Individual Claims include, but are not limited to, any and all claims and causes of action that have been or could have been asse1ied against the Released Parties by Plaintiffs."  (Agreement ¶ 19).

- Settlement Class Members also agree to release and relinquish "any and all claims, demands, rights, actions, suits, and causes of action of whatever kind, nature, or description whatsoever, for any non-monetary relief, including injunctive relief, non-monetary declaratory relief, or any other equitable relief, whether known or unknown, suspected or unsuspected, which the Settlement Class Members (or the Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, or assigns) may now have or have had, that could have been brought, or may hereafter have or assert against the Released Parties that are based upon or arising out of, in whole or in part, the facts, activities, events, or transactions alleged by any Plaintiff or Plaintiffs in the Action.  For avoidance of doubt, if a claim or cause of action seeks both monetary and equitable relief, only the equitable relief portion of the claim is being released by this Settlement."  (Agreement ¶ 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: December 20, 2023 |
| Title: In Re: Ring LLC Privacy Litigation | |

## II. PRELIMINARY APPROVAL OF SETTLEMENT

"Approval of a class action settlement requires a two-step process — a preliminary approval followed by a later final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016). The standard of review differs at each stage. At the preliminary approval stage, the Court need only "evaluate the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009).

"[P]reliminary approval of a settlement has both a procedural and a substantive component." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). Procedurally, the Ninth Circuit emphasizes that the parties should have engaged in an adversarial process to arrive at the settlement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." (citations omitted)). "A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *Spann*, 314 F.R.D. at 324 (citation omitted).

Substantively, the Court should look to "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (citing *West v. Circle K Stores, Inc.*, No. 04-cv-0438-WBS, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006)).

### A. Procedural Component

The Court concludes that the Agreement appears to be procedurally fair to the Settlement Class. The Court is familiar with the action and is confident that it was vigorously litigated on both sides. Plaintiff's counsel has many years of experience in class action and privacy law and was appointed by the Court to represent class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: December 20, 2023 |
| Title: In Re: Ring LLC Privacy Litigation | |

members. (*See* Declaration of Tina Wolfson ("Wolfson Decl.") (Docket No. 269-1) ¶¶ 3, 7).

Plaintiffs' counsel conducted extensive investigation of Plaintiffs' and the Settlement Class's claims, successfully opposed Defendant's motion to dismiss, responded to other pre-trial motions, engaged in discovery, and participated in arbitration after the Court granting Defendant's motion to compel. (Motion at 2–5). Given the parties' vigorous litigation of this case, the Court has no doubt that the settlement is "the product of an arms-length, non-collusive, negotiated resolution[.]" *Rodriguez*, 563 F.3d at 965.

Additionally, the parties engaged in three separate mediation session with Judge Jay C. Gandhi and continued to negotiate for over two years. (Motion at 5–6; Wolfson Decl. ¶¶ 5, 21–27). The fact that the parties utilized an experienced mediator to reach the settlement agreement supports the notion that it was the product of an arms-length negotiation. *See Alberto*, 252 F.R.D. at 666–67 (noting the parties' enlistment of "a prominent mediator with a specialty in [the subject of the litigation] to assist the negotiation of their settlement agreement" as an indicator of non-collusiveness) (citing *Parker v. Foster*, No. 05-cv-0748-AWI, 2006 WL 2085152, at *1 (E.D. Cal. July 26, 2006); *Glass v. UBS Fin. Servs., Inc.*, No. 06-cv-4068-MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007)).

Moreover, a collusion analysis is generally not applicable "where, as here, the settlement is for injunctive relief purposes only and class members do not release any monetary claims." *Moreno v. S.F. Bay Area Rapid Transit Dist.*, No. 17-cv-2911-JSC, 2019 WL 343472, at *3 n.2 (N.D. Cal. Jan. 28, 2019). As noted above, the Agreement only provides that Settlement Class Members release claims for **non-monetary** relief. (Agreement ¶ 20).

The Court therefore concludes that the proposed class is represented by experienced counsel who engaged in meaningful discovery while pursuing arms-length settlement negotiations. The procedural component of the inquiry is met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-10899-MWF (RAOx)          Date:  December 20, 2023
Title:     In Re: Ring LLC Privacy Litigation

### B.     Substantive Component

The Court also determines that the Agreement appears to be generally reasonable and fair to the Settlement Class.

As discussed above, Ring has agreed to provide, for a period of three years, multiple disclosures informing customers of its practice of sharing user information to third parties and presenting the option to opt-out.  (Agreement at 10–12).  The Agreement thus provides immediate and tangible benefits without requiring the Settlement Class to release any claims for monetary damages.  *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1123 (9th Cir. 2020) (affirming the district court's conclusion that a similar settlement providing only injunctive relief was fair and reasonable because it required "a plain English disclosure" that provided "information to users about Facebook's message monitoring practices" in return for a release of non-monetary claims).

Additionally, the risks, expenses, and duration of further litigation support the Court's conclusion that the Agreement is substantively fair.  Plaintiffs' counsel foresees an inherent risk in continuing to pursue this action, which will likely result in litigation costs, attorneys' fees, and delayed recovery.  *See, e.g.*, *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (emphasizing the requirement that courts "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation" (citation omitted)).  The Court agrees that, if litigation were to proceed, there is a fair possibility that Plaintiffs and/or the Settlement Class do not prevail.  For example, denial or reversal of class certification would "extinguish any hope of recovery by the Settlement Class."  (Motion at 14).

The Court now turns to whether the Agreement's provisions on attorneys' fees and costs and Plaintiffs' service awards are substantively fair.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-10899-MWF (RAOx)         Date:  December 20, 2023
Title:  In Re: Ring LLC Privacy Litigation

**1. Attorneys' Fees and Costs**

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 949 (citation omitted).

"The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id.* (citation omitted). "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%." *Id.* (citation omitted). However, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

"The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases." *Martin v. Ameripride Services, Inc.*, No. 08-cv-440–MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Here, the Agreement does not specify the amount of fees that Class Counsel will seek but provides that the total amount of attorneys' fees, costs, expenses, and service awards will not exceed $500,000. (Agreement at 17). According to Plaintiffs' counsel, they will file a motion for attorneys' fees and expenses prior to the hearing on the final approval of the class settlement and prior to the deadline by which members of the Settlement Class can object. (Motion at 11). Further, the Agreement provides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: December 20, 2023 |
| Title: In Re: Ring LLC Privacy Litigation | |

that "any order or proceedings relating exclusively to the award of attorneys' fees and expenses . . . or any appeal of any order relating thereto, shall not operate to terminate or cancel this [Agreement] or be deemed material thereto or affect the finality of the Order and Final Judgment approving the Settlement, or any other orders entered pursuant to this [Agreement]." (Agreement at 18).

### 2. Service Award

According to the Agreement, Plaintiffs intend to apply for service awards of no more than $5,000 per person. (Agreement at 17). This amount does not appear to be unreasonable, as incentive awards typically range between $2,000 and $10,000. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (collecting cases).

Because the Court finds the Agreement to be procedurally and substantively fair, the Motion is therefore **GRANTED** insofar as the Agreement is preliminarily **APPROVED**.

### III. CLASS CERTIFICATION

Plaintiffs seeks certification of a class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3). A court may certify a class for settlement purposes only. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 942. In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court explained the differences between approving a class for settlement and for litigation purposes:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule — those designed to protect absentees by blocking unwarranted or overbroad class definitions — demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 19-10899-MWF (RAOx)                    Date:  December 20, 2023
Title:        In Re: Ring LLC Privacy Litigation

> to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Id.* at 620.

As discussed above, the "Settlement Class" is defined as "all persons who purchased a Ring security device of any kind from Ring LLC and/or created a Ring account during the Class Period.  Excluded from the Settlement Class are Defendant and Defendant's officers, agents, and employees.  Also excluded from the Settlement Class are Plaintiffs' Counsel, any judicial officer presiding over the Action and members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court system who may hear an appeal of any judgment entered." (Agreement ¶ 23).

Federal Rule of Civil Procedure 23(a) requires the putative class to meet four threshold requirements: numerosity, commonality, typicality, and adequacy of representation.  *Id.*; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).  In addition, the proposed class must satisfy one of the three categories provided by Rule 23(b).  *See Grady v. CM Techs., Inc.*, --- F.Supp.3d ----, 2023 WL 33270931, at *2 (C.D. Cal. 2023).  Considering these requirements, the Court concludes that class certification is appropriate.

### A.   Numerosity

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable . . . ." *Id.*  The Settlement Class encompasses over one million Class Members.  (Wolfson Decl. ¶ 29).  This is more than enough to satisfy Rule 23(a)(1)'s numerosity requirement.

### B.   Commonality

Rule 23(a)(2) requires that the case present "questions of law or fact common to the class." *Id.*  The Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), clarified that to demonstrate commonality, the putative class must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  December 20, 2023 |
| Title:      In Re: Ring LLC Privacy Litigation | |

show that their claims "depend upon a common contention . . . that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.  That requirement is met here, as each member of the Settlement Class would seek resolution of the same legal and factual issues: whether Ring improperly shared its users' sensitive personal information with third parties.  (Motion at 20).  The commonality requirement is therefore satisfied.

### C. Typicality

Rule 23(a)(3) requires the putative class to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Id.*  The claims of the representative parties need not be identical to those of the other putative class members; "[i]t is enough if their situations share a 'common issue of law or fact,' and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'" *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted).  Here, Plaintiffs' claims are premised on exactly the same practice as those of the absent Settlement Class members: Ring's alleged sharing of its users' personal information with third parties without users' authorization or consent.  (Motion at 20).  Accordingly, the typicality requirement is satisfied.

### D. Adequacy

Finally, Rule 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class." *Id.*  "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  Additionally, "the honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV 19-10899-MWF (RAOx) | Date:  December 20, 2023 |
| Title:        In Re: Ring LLC Privacy Litigation | |

prevailing on the class claims." *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (citation omitted).

As to the first prong, the Court perceives no obvious conflicts between Plaintiffs and their counsel on the one hand and the absent Settlement Class Members on the other. As to the second prong, as already discussed, Plaintiffs and their counsel have vigorously prosecuted this action, Plaintiffs' counsel has substantial experience litigating similar types of class actions, and there is no reason to believe that Plaintiffs and their counsel would not vigorously pursue this action on behalf of the Settlement Class. The adequacy requirement is satisfied.

The requirements imposed by Rule 23(a) are thus satisfied. The Court next considers whether one of the three categories under additional Rule 23(b) is met.

### E.     Rule 23(b)(2)

Rule 23(b)(2) allows the Court to certify a class for class-wide injunctive relief if "the party opposing the class acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). As previously discussed, Plaintiffs' claims regarding Ring's alleged sharing of its users' personal information with third parties without the users' consent are generally applicable to the Settlement Class. Additionally, the injunctive relief provided by the Settlement appears to remedy Plaintiffs' and the Settlement Class's claims by providing users with notice and the ability to opt-out of sharing their information with third parties.

Accordingly, the Motion is **GRANTED** insofar as the proposed class is **CERTIFIED** for purposes of settlement.

### IV.    NOTICE AND SETTLEMENT ADMINISTRATION

Plaintiffs contend that a notice is not required for a class certified under Rule 23(b)(1) or (b)(2). (Motion at 22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 19-10899-MWF (RAOx)                              Date:  December 20, 2023
Title:       In Re: Ring LLC Privacy Litigation

     As recognized by another district court, "[t]he Ninth Circuit does not appear to have directly [] addressed the issue of whether class notice is required when a 23(b)(2) action is settled." *Lilly v. Jamba Juice Co.*, No. 13–cv–02998–JST, 2015 WL 1248027, at *8 (N.D. Cal. Mar. 18, 2015).  While "rigorous class notice is certainly not required for the Rule 23(b)(2) subclasses," it "is equally clear that the Court has broad discretion to order an 'appropriate' level of notice for members of the Subclasses." *Fraihat v. U.S. Immigration & Customs Enforcement*, No. EDCV 19-1546 JGB (SHKx), 2020 WL 2758553, at *3 (C.D. Cal. May 15, 2020) (citing Fed. R. Civ. P. 23(c)(2)(A)).

     Based on the circumstances of this action, the Court concludes that no individual, direct notices to Settlement Class members is required.  Indeed, the Ninth Circuit has noted that a Rule 23(b)(2) class action does not require "individualized notice beyond that required by due process." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2002).  Less process is due where, as here, "the only thing at stake for the absent class members is their right to sue for an injunction against practices that have already ceased." *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH, 2017 WL 3581179, at *7 (C.D. Cal. Aug. 19, 2017) (determining that no individual notices were required since they would "carry substantial costs in light of ascertainability issues, and, importantly, the court was persuaded that such notice would create serious risks of confusion for the class members"), *aff'd*, 951 F.3d 1106.  Consistent with this principle, district courts have often determined that no notice is required for injunctive relief settlements that do not release any monetary claims.  *See, e.g.*, *Lilly*, 2015 WL 1248027, at *9; *Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 214 CM, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012).

     Nevertheless, the Court concludes that, in addition to serving the required CAFA notices to state and federal officials, Plaintiffs' counsel is required to post information about the settlement on their website prior to the final settlement approval hearing.  The Ninth Circuit has approved such an approach where the inherent value of a settlement is its informational value.  *See Campbell*, 951 F.3d at 1115, 1127.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  December 20, 2023 |
| Title:       In Re: Ring LLC Privacy Litigation | |

## V.    CONCLUSION

For the reasons discussed above, the Motion is **GRANTED** insofar as the Settlement is preliminarily **APPROVED** and the class is provisionally **CERTIFIED** for purposes of settlement only.  To the extent that it is consistent with this Order, the Proposed Order Granting Motion for Preliminary Approval of Settlement Agreement (Docket No. 269-2) is adopted and incorporated by reference.

Plaintiffs' counsel is **ORDERED** to post information about the Settlement on the firm's website after receipt of this Order and before the final settlement approval hearing.  Plaintiffs' counsel is also **ORDERED** to submit a hearing date for the final settlement approval by way of stipulation by **January 8, 2024**.

IT IS SO ORDERED.