UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-10899-MWF (RAOx) | **Date:** May 28, 2024 |
| **Title:** | In Re: Ring LLC Privacy Litigation | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [54]; PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS [55]

Before the Court are two related motions. The first is Plaintiffs Marco Mariutto's, Yolanda Martinez's, Jeannette Pantoja's, Johnny Powell's, and Abhi Sheth's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement (the "Settlement Motion"), filed on March 4, 2024. (Docket No. 274). The second is Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (the "Fee Motion"), also filed on March 4, 2024. (Docket No. 275). No opposition or reply was filed with respect to either motion.

The motions were noticed to be heard on **April 1, 2024**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Court rules as follows:

- The Settlement Motion is **GRANTED**. The proposed settlement is fair, reasonable, and adequate to serve the interests of the class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV 19-10899-MWF (RAOx) | Date:  May 28, 2024 |
| Title:        In Re: Ring LLC Privacy Litigation | |

- The Fee Motion is also **GRANTED**.  The Court finds reasonable Class Counsel's Class request for attorneys' fees in the amount of $436,995.37, reimbursement of litigation costs incurred in the amount of $38,004.63, and service awards of $5,000 for each Plaintiff.

## I. BACKGROUND

### A. Factual and Procedural Background

Plaintiff John Baker initiated this putative class action against Defendant Ring LLC ("Ring") on December 26, 2019.  (Docket No. 1).  On February 11, 2020, the Court granted the stipulation of various parties to consolidate numerous related cases into this putative class action.  (Docket No. 19).  Plaintiffs subsequently filed a consolidated First Amended Complaint on December 17, 2020.  (Docket No. 69).

The FAC alleged that Ring's security systems were defectively designed without sufficient security protocols, leaving Plaintiffs who used the systems vulnerable to cyberattack, identity theft, and physical harm.  (*Id.* ¶¶ 3-8).  The FAC also alleges that Ring actively shared users' sensitive personal identifying information with third parties without first obtaining users' authorization or consent, which allowed third parties to track and surveil Plaintiffs.  (*Id.* ¶ 9).

On June 24, 2021, the Court issued an Order granting in part Ring's Motion to Compel Arbitration (the "Arbitration Order") after determining the arbitration agreement delegated the issue of arbitrability to an arbitrator for all Plaintiffs who had purchased the Ring devices themselves (the "Purchaser Plaintiffs").  (Docket No. 113). However, the Court declined to compel arbitration with respect to Plaintiffs who were allegedly harmed by Ring devices but did not personally purchase them (the "Non-Purchaser Plaintiffs").  (*Id.* at 1–2).

On August 23, 2021, Plaintiffs filed a Second Amended Complaint, which acknowledged the stay of the Purchaser Plaintiffs' claims, while reasserting allegations of the Non-Purchaser Plaintiffs.  (Docket No. 132).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  May 28, 2024 |
| Title:     In Re: Ring LLC Privacy Litigation | |

On October 25, 2021, the parties attended their first formal mediation session before Hon. Jay C. Gandhi (ret.).  (Settlement Motion at 5).  The parties attended two subsequent mediation sessions on June 2, 2022, and January 13, 2023.  (*Id.*).  Ultimately, the parties reached a settlement on August 9, 2023.  (*Id.* at 6).

On September 22, 2023, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement.  (Docket No. 269).  On December 20, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), preliminarily approving the terms of the settlement and certifying the class for settlement purposes.  (Docket No. 271).  The Preliminary Approval Order also instructed Plaintiffs' counsel to post information about the settlement on the firm's website before the final settlement approval hearing.  (*Id.* at 16).

### B.     The Settlement Agreement

The settlement agreement was submitted with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  (the "Settlement Agreement" (Docket No. 268)).

Under the terms of the Settlement Agreement, Ring has agreed to continue offering customers to opt out of sharing their personal information with third-party service providers, to provide disclosures regarding its data-sharing practices with third parties for a period of three years, and to send notice to new and existing customers regarding the opt-out option.  (*See* Settlement Agreement at 10–12; *see also* Settlement Motion at 8–10).  Ring also agrees to pay up to $500,000 in attorneys' fees, costs, expenses, and services awards.  (*See* Settlement Agreement at 17).

## II.     DISCUSSION

Plaintiffs now seek final approval of the Settlement Agreement.  (Settlement Motion at 12).  Class Counsel also seek attorneys' fees in the amount of $436,995.37, reimbursement of litigation costs incurred in the amount of $38,004.63, and service awards in the amount of $5,000 for each Plaintiff.  (Fee Motion at 1–2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 19-10899-MWF (RAOx) | Date: May 28, 2024 |
| Title: | In Re: Ring LLC Privacy Litigation | |

### A. Final Approval of Class Settlement

Before approving a class action settlement, Federal Rule of Civil Procedure 23 requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted) (applying the factors announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (citing *Hanlon*, 150 F.3d at 1026). "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998). "In addition, the settlement may not be the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

Here, the Court is satisfied that the Agreement is not the product of collusion between the parties. As noted in the Preliminary Approval Order, the parties attended three separate mediation sessions with Judge Gandhi. (Settlement Motion at 5). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-10899-MWF (RAOx) | **Date:** May 28, 2024 |
| **Title:** In Re: Ring LLC Privacy Litigation | |

fact that the parties utilized an experienced mediator to reach the Settlement Agreement supports the notion that it was the product of arm's length negotiation. Class Counsel also have extensive experience litigating consumer class actions. (*See* Declaration of Tina Wolfson ("Wolfson Decl.") (Docket No. 276) ¶¶ 51–55; *see also* Order re: Application for Appointment of Interim Class Counsel (Docket No. 64)). Additionally, the action was vigorously litigated on both sides, with each of the parties engaging in significant motion practice and conducting extensive discovery over the course of this action. (Wolfson Decl. ¶¶ 10–20). Accordingly, the arms-length nature of the negotiation resulting in the Agreement and the recommendation of experienced class action counsel support final approval. *See Linney*, 1997 WL 450064, at *5.

Moreover, consideration of the *Hanlon* factors supports final approval of the proposed settlement. The Court discusses each factor in turn:

### 1. The Strength of Plaintiffs' Case and Risk, Expense, Complexity, and Likely Duration of Further Litigation and Maintaining Class Action Status

When assessing the strength of a plaintiff's case, the Court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989).

Plaintiffs acknowledge that, despite the strength of their case, the Settlement Class faced the possibility that Ring's arbitration agreement and class action waiver would be found valid and enforceable as to all class members. (Settlement Motion at 13). Accordingly, the Settlement Class would face the risk and expense of individual arbitrations. (*Id.* at 13–14). Plaintiffs contend that the Settlement Agreement provides an excellent result in light of this arbitration procedure by prohibiting the alleged unlawful conduct without releasing any claims for monetary relief. (*Id.* at 14).

Accordingly, the first three factors weigh in favor of final approval of the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: May 28, 2024 |
| Title: In Re: Ring LLC Privacy Litigation | |

### 2. The Relief Offered in the Settlement Agreement

The Court concludes that the injunctive relief offered in the Settlement Agreement appear to be fair and reasonable. The Settlement Agreement provides meaningful equitable relief targeting Ring's alleged data sharing practices. (*See* Settlement Motion at 15). Although the Settlement Agreement does not provide any monetary relief, it does not force the Settlement Class to release such claims. (*See* Settlement Agreement at ¶ 20). In other words, members of the Settlement Class can still pursue monetary remedies against Ring arising from the same conduct underlying this action. (*See* Settlement Motion at 16).

The Court's view is also consistent with that of other courts that have approved non-monetary settlements in the context of privacy class actions. *See, e.g.*, *Adkins v. Facebook, Inc.*, No. 18-cv-5982, 2021 WL 1817047, at *2–3 (N.D. Cal. May 6, 2021) (granting final approval of data breach settlement providing only injunctive relief); *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1123 (9th Cir. 2020) (affirming the district court's final approval of an injunctive-only settlement because it provided a benefit – information about Facebook's monitoring practices – in return for a release of non-monetary claims).

Finally, if this litigation were to continue, Plaintiffs may not prevail on all claims and overcome all defenses, thereby recovering little to nothing. Continued litigation would also result in considerable additional expenses.

Accordingly, this factor weighs in favor of final settlement approval.

### 3. Extent of Discovery Completed and Stage of the Proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1239, 1242 (9th Cir. 1998). Plaintiff contends that the parties have conducted extensive investigation of the claims, interviewed and vetted potential plaintiffs, and spent considerable time and resources consulting with prospective experts on liability and damages. (Settlement Motion at 16–18). Plaintiffs also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  May 28, 2024 |
| Title:       In Re: Ring LLC Privacy Litigation | |

propounded written discovery requests, submitted briefing on a discovery dispute, and sought third-party discovery related to Ring's security vulnerabilities. (*Id*. at 4). The parties also engaged in significant motion practice. (*Id.* at 17). After actively litigating the case for nearly two years, the parties participated in private mediation. The Court therefore concludes that the parties had ample information with which to make informed settlement decisions.

Accordingly, this factor also weighs in favor of final settlement approval.

### 4. Experience and Views of Counsel

As discussed, Class Counsel have extensive experience litigating data privacy class actions on behalf of plaintiffs. (Wolfson Decl. ¶¶ 51–57; *see also* Order re: Application for Appointment of Interim Class Counsel). Class Counsel are of the opinion that Settlement Agreement is "fair, reasonable, and adequate, and is in the best interests of the Settlement Class. (Wolfson Decl. ¶ 58).

Accordingly, this factor weighs in favor of final settlement approval.

### 5. Reaction of the Class Members to the Settlement Agreement

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm'cns Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528-29 (C.D. Cal. 2004); *see also Churchill Village LLC v. Gen. Elec*., 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent). Here, as of March 4, 2024, no Class Member have objected to the Settlement Agreement. (Wolfson Decl. ¶ 36). Accordingly, this factor weighs in favor of final settlement approval.

Based on the foregoing, the Court concludes that the *Hanlon* factors supports final approval of the proposed settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-10899-MWF (RAOx) | Date: May 28, 2024 |
| Title: In Re: Ring LLC Privacy Litigation | |

### B. Attorneys' Fees

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted). "The lodestar method is appropriate in class actions where the relief sought and obtained is not easily monetized, ensuring compensation for counsel who undertake socially beneficial litigation." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (internal quotation marks and citation omitted).

"The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 949 (citation omitted). The lodestar figure is "a presumptively reasonable fee." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)).

Here, Class Counsel seek fees in the amount of $436,995.37, based on 2,257.6 hours expended. (Fee Motion at 1, 11). According to Plaintiffs, this figure represents a ***negative*** multiplier of approximately 0.36 on the collective lodestar of $1,205,996.85. (*Id.* at 1). Because the Settlement Agreement does not provide for a common fund and its value is not readily discernible, the Court examines the reasonableness of the fee request using the lodestar method.

#### 1. Hourly Rate

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-10899-MWF (RAOx) | **Date:** May 28, 2024 |
| **Title** | In Re: Ring LLC Privacy Litigation | |

attorney, are satisfactory evidence of the prevailing market rate." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Chaudhry*, 751 F.3d at 1110–11 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

In support of their proposed hourly rates, Class Counsel submitted declarations detailing the respective hourly rates of the attorneys and staff that worked on this case. (Wolfson Decl. ¶ 41; Declaration of Daniel S. Robinson ("Robinson Decl.") (Docket No. 277) ¶ 5; Declaration of Hassan A. Zavareei ("Zavareei Decl.") (Docket No. 278) ¶ 5). The following charts summarize their respective hourly rates:

| Ahdoot & Wolfson, PC | | |
|---|---|---|
| **Name** | **Title** | **Requested Rate** |
| Tina Wolfson | Partner | $1,200 |
| Robert Ahdoot | Partner | $1,200 |
| Theodore Maya | Partner | $950 |
| Henry Kelston | Partner | $950 |
| Bradley King | Partner | $850 |
| Christopher Stiner | Partner | $850 |
| Andrew Ferich | Partner | $850 |
| Deborah De Villa | Associate | $675 |
| Sarper Unal | Associate | $550 |
| Rachel Johnson | Associate | $500 |
| Carlynne Wagner | Associate | $500 |
| Samantha Benson | Paralegal | $250 |
| Kathryn Cabrera | Paralegal | $250 |
| Windy Loritsch | Paralegal | $250 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-10899-MWF (RAOx)      **Date:** May 28, 2024
**Title:** In Re: Ring LLC Privacy Litigation

| Laura Lowe | Paralegal | $250 |

(Wolfson Decl. ¶ 41).

| Robinson Calcagnie, Inc. | | |
|---|---|---|
| **Name** | **Title** | **Requested Rate** |
| Daniel S. Robinson | Partner | $950 |
| Wesley Polischuk | Partner | $800 |
| Michael Olson | Associate | $600 |
| Jennifer Rogers | Paralegal | $275 |

(Robinson Decl. ¶ 5).

| Tycko & Zavareei LLP | | |
|---|---|---|
| **Name** | **Title** | **Requested Rate** |
| Hassan A. Zavareei | Partner | $1,057 |
| David Lawler | Counsel | $1,057 |
| Sabita Soneji | Partner | $1,057 |
| Annick Persinger | Partner | $878 |
| Kristen Simplicio | Partner | $878 |
| Katherine Aizpuru | Associate | $777 |
| Dia Rasinariu | Associate | $538 |
| Mark Clifford | Associate | $777 |
| Mallory Morales | Associate | $538 |
| Lauren Kuhlik | Associate | $538 |
| V Prentice | Associate | $777 |
| Aaron McReynolds | Paralegal | $239 |
| Collin Hoover | Paralegal | $239 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 19-10899-MWF (RAOx) | Date: | May 28, 2024 |
|---|---|---|---|
| Title: | In Re: Ring LLC Privacy Litigation | | |

| Maura Dunn | Paralegal | $239 |
|---|---|---|
| Nicole Porzenheim | Paralegal | $239 |

(Zavareei Decl. ¶ 5).

In light of comparative rates that have been approved in this District and, more generally, in California, the Court concludes that the hourly rates charged by Class Counsel appear reasonable. *See Alvarez v. Sirius XM Radio Inc.*, No. CV 18-8605-JVS (SSx), 2021 WL 1234878, at *10 (C.D. Cal. Feb. 8, 2021) (finding Ahdoot & Wolfson, PC's 2021 rates ranging from $450 to $950 as falling "within the range of prevailing rate in the Los Angeles region"); *see also Harbour v. Cal. Health & Wellness Plan*, No. 5:21-cv-03322-EJD, 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024) (approving Ahdoot & Wolfson, PC's hourly rates ranging between $425 and $1,200).

### 2. Hours Billed

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1210.

Here, Class Counsel avers that they expended 2,257.6 hours in this action. (Motion at 11). These hours include (1) investigating the underlying claims; (2) filing two comprehensive consolidated complaints in this action (in addition to prior complaints filed in cases preceding consolidation); (3) successfully opposing Ring's motion to compel arbitration as to certain Plaintiffs; (4) engaging in significant discovery; (5) consulting with experts; (6) preparing for class certification briefing; (7) initiating multiple separate arbitration proceedings; (8) engaging in mediation; (9) negotiating and drafting the Settlement Agreement, (10) moving for and successfully obtaining preliminary settlement approval; and (11) preparing the Settlement Motion and Fee Motion. (*Id.* at 11–12). Further, Class Counsel must still address any appeals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  May 28, 2024 |
| Title:       In Re: Ring LLC Privacy Litigation | |

and continue monitoring the Settlement Agreement.  (*Id.* at 12).  Class Counsel avers that it took meaningful steps to prevent duplication of work and to avoid inefficiencies.  (*Id.*; *see also* Wolfson Decl. ¶¶ 43–45; Robinson Decl. ¶ 3; Zavareei Decl. ¶ 3).

The Court could not perform a lodestar crosscheck with the information provided by Class Counsel.  The Fee Motion did not include itemized billing entries for work performed by each attorney.  Nevertheless, in light of the age of the action, the substantive pre-trial motion practice, and simultaneous arbitration proceedings, the Court concludes that the hours expended by Class Counsel appear reasonable.

Moreover, the Court's determination is significantly guided by Class Counsel's representations that the requested fees reflect a negative multiplier of 0.36.  (Wolfson Decl. ¶ 38.).  *See, e.g.*, *Reed v. Balfour Beatty Rail, Inc.*, Case No. 8:21-CV-1846-JLS (ADSx), 2023 WL 4680922, at *7 (C.D. Cal. June 22, 2023) (awarding attorneys' fees of 33% of gross settlement fund where fees requested represented a negative multiplier of 0.53); *Baten v. Michigan Logistics, Inc.*, Case No. CV 18-10229-GW (MRWx), 2023 WL 2440244, at *8 (C.D. Cal. Mar. 8, 2023) (awarding attorney's fees of 33% of gross settlement amount where requested fees amounted to negative multiplier of 0.63).

Finally, the Court notes that the parties' separately negotiated arrangement regarding attorneys' fees warrants significant deference.  *See In re Apple Computer, Inc. Deriv. Litig.*, No. C 06-4128 JF (HRL), 2008 WL 4820784, at *2 (N.D. Cal. Nov. 5, 2008) ("[T]he parties have presented evidence that the proposed award of attorneys' fees was negotiated separately. . . . A court should refrain from substituting its own value for a properly bargained-for agreement.").

Accordingly, the Fee Motion is **GRANTED** with respect to the request for attorneys' fees.

### C. Costs

Class Counsel also seek reimbursement of $38,004.63 in litigation costs.  (Fee Motion at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  May 28, 2024 |
| Title:     In Re: Ring LLC Privacy Litigation | |

Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

Here, Class Counsel provided a detailed breakdown of the costs.  (Wolfson Decl. ¶¶ 48–50; Robinson Decl. ¶ 6; Zavareei Decl. ¶ 6).  The bulk of the costs relates to the mediation fee totaling $23,720.71, in addition to fees associated with filing, ordering transcript, copying, printing, postage, electronic research, experts, and arbitration.  (*Id.*).  Attorneys routinely bill clients for such expenses, and it is therefore appropriate to allow counsel to recover these costs from the settlement fund.  *See In re TD Ameritrade Account Holder Litig.*, Nos. C 07–2852 SBA, C 07–4903 SBA, 2011 WL 4079226, *16 (N.D. Cal. 2011) (approving costs for filing fees, photocopying costs, messenger and travel costs, and other administrative expenses).   Moreover, class members were notified that counsel would seek reimbursement of litigation expenses.  (*See* Settlement Agreement at 17).

Accordingly, the Court concludes that the request for litigation expenses is fair and reasonable.  The Fee Motion is therefore **GRANTED** with respect to the request for litigation costs.

### D.     Service Awards

Finally, the Fee Motion seeks service awards of $5,000 to each of the five Plaintiffs, for a total of $25,000.  (Fee Motion at 19).

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement.  *Staton*, 327 F.3d at 977.  When evaluating the reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-10899-MWF (RAOx) | Date:  May 28, 2024 |
| Title:       In Re: Ring LLC Privacy Litigation | |

In support of the request, the Fee Motion avers that the Settlement Agreement would not have been possible without each of the five Plaintiffs.  (*Id.* at 19–20). Specifically, the Fee Motion contends that Plaintiffs actively participated in this action by reviewing and approving the Complaint, participating in discovery, filing arbitration demands, and reviewing documents pertaining to the settlement.  (*Id.*).

Moreover, the Court's independent search reveals that service awards of up to $5,000 have been found to be reasonable.  *See, e.g.*, *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266–67 (N.D. Cal. 2015) (approving a $5,000 incentive payment for releasing all claims against the defendant); *In re Toys R Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014) (concluding that "an incentive award of $5,000 for each of [the plaintiffs]" is just and reasonable).

In light of the significant time and effort Plaintiffs expended in this action and caselaw supporting up to $5,000 incentive awards, the Court concludes that the proposed service award is fair and reasonable.  Accordingly, the Fee Motion is **GRANTED** with respect to the request for service awards.

### III.     CONCLUSION

For the reasons above, the Court finds the Settlement Agreement and request for attorneys' fees, costs, and service awards to be fair, reasonable, and adequate.  The Settlement Motion is therefore **GRANTED**, and the Settlement Agreement is finally **APPROVED**.  The Fee Motion is also **GRANTED.**

A separate judgment shall issue.

IT IS SO ORDERED.