JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ring LLC Privacy Litigation* | Case No.: 2:19-cv-10899-MWF-RAO<br><br>United States District Judge Michael W. Fitzgerald<br>Courtroom 5A<br><br>**CLASS ACTION**<br><br>**JUDGMENT APPROVING FINAL SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** |

Before the Court is Plaintiffs Marco Mariutto's, Yolanda Martinez's, Jeannette Pantoja's, Johnny Powell's, and Abhi Sheth's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement (the "Settlement Motion") and Motion for Attorneys' Fees, Costs, and Service Awards (the "Fee Motion"). (Docket Nos. 274, 275).

On December 20, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order" (Docket No. 271)), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Class Action Settlement Agreement (the "Settlement Agreement") entered into by and between Plaintiffs and Defendant Ring LLC ("Ring"), which, together with the exhibits annexed thereto, set forth the terms and conditions for settlement of the Action.

Having reviewed the Settlement Agreement and duly considered the motions, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3. For settlement purposes only, the Class is hereby defined as follows:
   All persons who purchased a Ring security device of any kind from Ring and/or created a Ring account during the Class Period. Excluded from the Settlement Class are Ring and Ring's officers, agents, and employees. Also excluded from the Settlement Class are Plaintiffs' counsel, any judicial officer presiding over the Action and members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court system who may hear an appeal of

any judgment entered.

4. For settlement purposes only, this Court finds that the Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure in that: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) questions of law or fact common to the Class predominate; (c) Plaintiffs' claims are typical of the claims of the members of the Class; (d) Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class; and (e) Plaintiffs' claims regarding Ring's conduct apply generally to the Class.

5. The Court confirms Ahdoot & Wolfson, PC, Tycko & Zavareei LLP, and Robinson Calcagnie, Inc. as counsel for the Class ("Class Counsel"), and Plaintiffs Marco Mariutto, Yolanda Martinez, Jeannette Pantoja, Johnny Powell, and Abhi Sheth as representatives of the Class ("Class Representatives").

6. The Ninth Circuit does not require "individualized notice beyond that required by due process" for Rule 23(b)(2) class actions. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2002); *see also Fraihat v. U.S. Immigration & Customs Enforcement*, No. EDCV 19-1546 JGB (SHKx), 2020 WL 2758553, at *3 (C.D. Cal. May 15, 2020) (While "rigorous class notice is certainly not required for the Rule 23(b)(2) subclasses," it "is equally clear that the Court has broad discretion to order an 'appropriate' level of notice for members of the Subclasses."). The Court-ordered notice posted on Class Counsel's website fully and accurately informed all Class Members of all material elements of the Settlement Agreement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from the Settlement Agreement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The notice fairly and adequately described the

1  Settlement Agreement and provided Class Members with adequate instructions and
2  a variety of means to obtain additional information.

3      7.    The Court hereby grants final approval of the Settlement Agreement.
4  More specifically, the Court finds that the Settlement was reached following
5  meaningful discovery and investigation conducted by Class Counsel; is the result of
6  serious, informed, adversarial, and arms-length negotiations between the parties; and
7  is in all respects fair, adequate, and reasonable.  In so finding, the Court has
8  considered all of the evidence presented, including evidence regarding the strength
9  of Plaintiffs' claims; the risk, expense, and complexity of the claims presented; the
10 likely duration of further litigation; the relief offered in the Settlement Agreement;
11 the extent of investigation and discovery completed; and the experience and views
12 of Class Counsel.  The Court has further considered the absence of any objections to
13 the Settlement Agreement submitted by Class Members.  Accordingly, the Court
14 hereby directs that the Settlement be affected in accordance with the Settlement
15 Agreement and the following terms and conditions.

16     8.    The Court finds that a full opportunity has been afforded to Class
17 Members to make objections to the Settlement Agreement.  The Court also finds that
18 Class Members have had a full and fair opportunity to exclude themselves from the
19 Settlement Agreement.  Accordingly, the Court determines that all Class Members
20 who did not submit a timely and valid Request for Exclusion ("Settlement Class
21 Members") are bound by this Order Granting Final Approval of Class Action ("Final
22 Approval Order and Judgment").

23     9.    The Court finds that a Service Award of $5,000 is fair and reasonable for
24 the work performed by each Class Representative.  It is hereby ordered that Ring issue
25 payment in the amount of $5,000 each to Plaintiffs Marco Mariutto, Yolanda
26 Martinez, Jeannette Pantoja, Johnny Powell, and Abhi Sheth for their Service Awards,
27 according to the terms set forth in the Settlement Agreement.

28     10.    The Court finds that attorneys' fees in the amount of $436,995.37 to

Class Counsel falls within the range of reasonableness, and the results achieved justify the award sought. The attorneys' fees to Class Counsel are fair, reasonable, and appropriate, and are hereby approved. It is hereby ordered that Ring issue payment in the amount of $436,995.37 to Class Counsel, in accordance with the Settlement Agreement.

11. The Court finds that litigation costs and expenses in the amount of $38,004.63 to Class Counsel are reasonable, and hereby approved. It is hereby ordered that Ring issue payment in the amount of $38,004.63 to Class Counsel for litigation costs and expenses, in accordance with the Settlement Agreement.

12. The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have released any and all Released Class Claims against the Released Parties, as set forth in the Settlement Agreement.

13. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

14. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on Class Counsel's website, which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

IT IS SO ORDERED.

Dated: May 28, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge